HEDLEY *v.* THE BOARD OF COMMISSIONERS of Franklin County.

The statute authorising the board of commissioners of any county in which
the office of recorder becomes vacant by death, resignation, removal, or '
otherwise, to appoint some person to supply the vacancy until the next gen-
eral election,—is not unconstitutional.

The board of county commissioners cannot create a vacancy in the office of
recorder, but when such vacancy has occurred, they may declare its exist-
ence, and make an appointment to supply it, in conformity with the statute.

In the case of an appeal to the Circuit Court, from the judgment of a board of
county commissioners, the cause must be re-tried on the merits; and it will
be presumed by the Supreme Court to have been so re-tried, if the record
show nothing to the contrary, and the Circuit Court have given a final
judgment in the case.

ERROR to the *Franklin* Circuit Court.

M'KINNEY, J.—The board of commissioners of *Franklin* county, at its *May* term, 1833, made the following order:— "It appearing to the satisfaction of the board that the office of recorder for the county of *Franklin* and state of *Indiana* is vacant, in consequence of the removal of *John Hedley* the late incumbent of said office, the board appoints, &c." From the decision of the board, an appeal was taken to the Circuit Court, and that Court was moved to set aside and quash the proceedings of the commissioners on the following grounds: 1. That the board of commissioners had no authority to declare the office vacant. 2. That the board of commissioners had no jurisdiction or power to appoint a recorder for said county. 3. That the said *John Hedley* had no notice of the examination of the said matter, and that no charges were exhibited against him. Several errors are assigned as having been committed by the Circuit Court; the principal of which is, its having rendered final judgment on overruling the motion to set aside and quash the proceedings of the board of commissioners.

We will examine the several points which have been made by the plaintiff in error, pursuing the order in which they were presented.

1. The most serious question that has been discussed, relates to the constitutionality of the act which authorises the board of commissioners in their respective counties, in which "the office of recorder shall become vacant by death, resignation, removal, or otherwise," to appoint some suitable person to fill the same, who shall continue in office until the time of the next general election. Stat. 1832, p. 263. (1). This statutory provision is said to conflict with the 10th sec. 11th art. of the constitution of the state, which provides for the election of a recorder in each county; and that, therefore, the office of a recorder can only be filled by election, as provided for by the constitution.

The filling a vacancy in an office until the period of the next general election, does not seem to be opposed to the constitutional requirement that such officer should be elected. The exercise of this power is essential to prevent great and obvious injury to the community. The preservation of the records is secured, and the duties of the office performed. The vacancy is to be filled by an appointment, not for seven years, the consti-

Nov. Term, 1835.

HEDLEY
v.
THE BOARD OF COMM'RS. &c.

*Thursday,*
*December* 3.

tutional term of service of a recorder, but until the next general election. If the legislature had authorised the appointment of a recorder for the term of seven years, or for a term that would deprive the electors of the county from filling the office by the exercise of their franchise at the earliest period, then the objection would have been well taken. The mode of filling the vacancy was a mere question of expediency; and by committing it to the officers of the several counties, the least possible delay has been avoided. Although the authority is not given by the letter of the constitution, yet to deny its implication and its exercise, would be to oppose those sound rules of construction which have been adopted by the most enlightened Courts, in the exposition of constitutional provisions.

The exercise of the power by the legislature, of authorising vacancies in offices to be filled by appointment until the next general election, is not confined to the office of recorder. It extends to sheriffs and coroners, each of which officers the constitution requires to be elected by the qualified electors in each county; yet the legislature has from its first session, required the governor to fill vacancies in those offices which may have occurred "by death, resignation, removal from office, &c. until the next general election, and until a successor be duly elected and qualified into office." It is true, that the exercise of this latter authority, if not warranted by the constitution, would not sustain its exercise in the case of the recorder. But the cotemporaneous exposition of a constitution, or of a law, is entitled to great respect; and Courts, when such exposition has been judicial, rarely feel justified in departing from it. Such exposition by the legislative branch of the government, though not obligatory upon a co-ordinate branch, the judiciary, must be viewed by the latter with great respect; and when concurring legislative expositions for a series of years, unquestioned and undenied, are adduced in support of the constitutionality of an act, they afford, at least, strong and persuasive arguments in its support.

We are satisfied, that upon this point there has been no violation of the constitution, and that the power given to the boards of commissioners could well be executed.

2. It is said that the board had no authority to declare the office vacant.

By the statute, it is expressly made the duty of the board

when the office of recorder is vacant, to appoint, &c. The vacancy which it is competent to fill must arise "by death, resignation, removal, or otherwise." The order of the board, which is before us, does not create the vacancy in the office of recorder, to which it was unequal, for the vacancy had previously occurred; but it simply states that "it appearing to the satisfaction of the board that the office of recorder, &c. is vacant in consequence of the removal, &c., the board appoints, &c." The board by this order does not create a contingency upon which it can act, but declares that the event had occurred upon which its action became necessary. The distinction is palpable between creating a vacancy and declaring that a vacancy had taken place. The former power, when not voluntary or by death, in relation to a recorder in this state, pertains only to the senate when acting judicially; and the latter, to any agent the legislature selects to fill a vacancy. We do not think it material, in the decision of-the case, to enter into a critical examination of the import of the word "removal," used in the statute and in the order of the board,—to locate its import on a change of domicil by removing from the county, or on the operation of a judgment of the senate as a judicial tribunal. It is sufficient, that "removal" was the foundation of the action of the board, and that it is sustained by the statute.

The third point, from the view taken of the case, would seem to be disposed of, and will therefore receive only a passing notice. From the positions assumed in this opinion, it must follow that the board could not create a vacancy, but only act when one had occurred. To have itself preferred charges against the incumbent of the office, or to have permitted the exhibition of charges, would have been an assumption of the power of determining their truth or falsehood, and rendering a judgment upon such finding. This, we have seen, it was not in the power of the board to do; consequently notice was not a legal right.

We think, that none of the reasons urged to the Circuit Court, were sufficient to set aside or quash the proceedings.

We have now reached the proceedings in the Circuit Court, and shall proceed to examine the principal error assigned. The case was taken to the Circuit Court on appeal, and it is a fair construction of the statute authorising the appeal, that it

should be tried on its merits; that this was done we are bound to presume, and that the defendant was permitted to introduce proof is as necessary a presumption. The record does not show the evidence before the Circuit Court, nor does it show that the defendant offered testimony which was rejected. If such was the fact, the defendant should in his bill of exceptions have stated it, and have introduced the testimony he offered. This has not been done, and we cannot suppose that his bill of exceptions presents less in his favour than the case warranted.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the plaintiff.

*O. H. Smith*, for the defendants.

(1) Accord. Rev. Stat. 1838, p. 470.