May Term,<br>1848.<br><br>MALONE<br>v.<br>HARDESTY.

---

## MALONE and Others *v.* HARDESTY.

Circuit Courts try appeals from orders of the board of county commissioners *de novo* as Courts of original jurisdiction, and must have before them the original papers in the case.

Either party to a cause is bound to take notice of an appeal by the other, and the fact that the appeal is not taken until after the adjournment of the Court makes no difference.

ERROR to the *Vermillion* Circuit Court.

PERKINS, J.—*William L. Malone* and fifty others presented their petition to the Commissioners' Court of *Vermillion* county, praying the establishment of a county road. At the term of the Court at which the petition was filed, *Richard Hardesty* and two others, through whose lands

| 1   79|<br>|137   298|

*Wednesday*<br>*May* 31.

the road was to pass, remonstrated against the granting of the petition. Such proceedings were subsequently had in said Court, that the road prayed for was ordered to be opened as a public highway. *Hardesty* appealed to the Circuit Court. Pursuant to that appeal, a transcript of the proceedings had and papers filed in the Commissioners' Court, was filed, without any of the original papers, in the office of the clerk of the Circuit Court; and a summons was issued and served upon the petitioners requiring them to appear, &c. In the latter Court, the appellees, the plaintiffs here, moved a dismission of the appeal but the Court refused the motion; and thereupon the appellant in that Court, the defendant here, moved a dismission of the cause, which motion the Court sustained. Exceptions were taken.

The motion to dismiss the appeal should have been granted. Circuit Courts try appeals from orders of the board of county commissioners *de novo*, as Courts of original jurisdiction; and to enable them to do so, they must have before them the original papers in the cases. *Hedley* v. *Board of Commissioners of Franklin county*, 4 Blackf. 116.—*Beeler* v. *Hantsch*, 5 *id*. 594.—*Reddington* v. *Hamilton*, 8 *id*. 62.—*Taylor* v. *Lucas*, *id*. 289. It was the duty of the party appealing to so present his cause to the appellate Court as to give that Court jurisdiction to try it. He did not do so; he, in fact, did not perfect his appeal, and his negligence should not occasion the opposite party, having a judgment, as the transcript showed, regularly obtained upon a proper application in the inferior Court, to lose the benefit of it. Nor should he be compelled to perfect an appeal of the adverse party, from a judgment in his own favor which he does not wish disturbed.

There was no occasion for the summons which issued from the Circuit Court. The appearance of the remonstrants before the board of county commissioners made them parties to the cause. *Beeler* v. *Hantsch, supra*. The petitioners were made so by their application. Either party to a cause is bound to take notice of an appeal by the others. The fact that the appeal is not taken till

after the adjournment of the Court makes no difference. Appeals from justices of the peace are taken at any time within thirty days, but no process issues from the Circuit Courts to the appellees.

Another question is presented by a bill of exceptions, as follows:

"On the calling of the cause [in the Circuit Court] the said *Hardesty*, by his counsel, moved the Court to dismiss it, because the record did not show that said *Hardesty* had notice of the day when said viewers met to view said road and to assess damages; pending which motion, said petitioners offered to prove that said *Hardesty* had notice of, and was present on, the day said viewers examined said road and made their report to Court, being the day fixed upon in the order, which evidence the Court refused to hear," &c., and dismissed said cause, &c.

From the fact that the Circuit Court tries the cause *de novo*, upon its merits, it results that any proof that is required on the hearing before the board of commissioners, is also necessary on a trial in the Circuit Court.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. A. Wright* and *S. F. Maxwell*, for the plaintiffs.

*W. P. Bryant* and *A. L. Roache*, for the defendants.