Nov. Term, 1852.

PEABODY
v.
SWEET.

---

## PEABODY and Others *v.* SWEET.

The Circuit Court, upon an appeal from an order of the board of county commissioners establishing a change of a certain road in the county, set aside the report of the viewers; but no bill of exceptions was then taken, nor did it appear on what ground the report was set aside.  *Held*, that it must, therefore, be presumed to have been done correctly.

The board of commissioners, upon application and the report of viewers, made an order establishing a change of a road in the county. On appeal, the Circuit Court dismissed the suit. There was no proof that, before the application for the appointment of viewers, the public had been notified of the application, as required by the R. S. 1843; either by posting up notices thereof in three public places for at least twenty days, or by publishing the notice in a newspaper of the county. *Held*, that the want of such proof was a sufficient reason for dismissing the suit.

Nov. Term, 1852.

PEABODY
v.
SWEET.

Saturday, November 27.

ERROR to the *Noble* Circuit Court.

BLACKFORD, J.—This was a case of a petition to the board of county commissioners of *Noble* county, filed at the *June* term of the board in 1845. The object of the petition was to obtain a change of a certain road situate in said county. The board, upon the filing of the .petition, appointed three persons to view the road, and report their proceedings to the then next term.

At the next term of the board, to-wit, at the *September* term, 1845, a majority of the viewers reported in favor of the proposed change of the road. At the same term, a remonstrance against the change was filed with the board, and three other persons were thereupon appointed to review the road, and report to the next term.

At the next term of the board, to-wit, at the *December* term, 1845, the said reviewers reported that the proposed change of the road was practicable and of public utility, but that it was not expedient. The board thereupon ordered the change to be made, and that the persons remonstrating should pay the costs.

*Jerome Sweet*, one of those who had signed the remonstrance, appealed to the Circuit Court.

At the *March* term, 1846, of the Circuit Court, the report of the reviewers, made at the *December* term, 1845, of the board of commissioners, was set aside with costs to the appellant, and the cause remanded to the board for further proceedings.

The board of commissioners at the *December* term, 1846, again appointed persons to review said road. These reviewers, at the next term of the board, reported in favor of the change of the road; and the board thereupon ordered the change to be made.

Nov. Term,
1852.

PEABODY
v.
SWEET.

The said *Sweet* again appealed to the Circuit Court.

At the trial in the Circuit Court at the *September* term, 1848, on this second appeal, the petitioners gave in evidence the original petition filed with the board of commissioners in 1845, and the report of the reviewers made to the board in 1847. There was no other evidence.

The Circuit Court dismissed the suit at the costs of the petitioners.

The first objection made to these proceedings is, that the Circuit Court, at the *September* term, 1846, set aside the report of the reviewers made at the *December* term, 1845, of the board of commissioners. There was no bill of exceptions taken on that occasion, and we are not informed of the ground upon which the Court acted. We must presume, therefore, that the report was rightly set aside.

The other objection is, that the Circuit Court erred, at the *September* term, 1848, in dismissing the suit. It was necessary, under the statute, before applying to the board for the appointment of viewers of the road, to notify the public of the application, either by posting up notices thereof in three public places for at least twenty days, or by publishing the notice in a newspaper of the county. R. S. pp. 331, 327. In the present case there was no proof of any notice whatever of the application; and the want of such proof was a sufficient reason for dismissing the suit.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper*, for the plaintiffs.

*W. M. Clapp*, for the defendant.