*J. Ryman*, for the appellees.

---

## Moore *v.* Smock and Others.

In an appeal taken to the Circuit Court from proceedings of the board of commissioners in laying out a highway, a transcript of the proceedings of the board was filed, but none of the original papers. *Held*, that the appeal was properly dismissed on motion.

The Circuit Court dismissed an appeal from the board of commissioners, and no exception was taken. *Held*, that an appeal would not lie to the Supreme Court.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—*Thomas C. Smock* and others, at the *June* term, 1851, filed their petition before the board of commissioners of *Marion* county, for the location of a public highway from the *Shelbyville* state road, in *Franklin* township, to the *Leavenworth* state road, in *Perry* township. The petition describes the proposed highway, names the owners of the land through which it will run, and prays the appointment of viewers, &c. The board, in accordance with the prayer, appointed three viewers, two of whom, at the *September* term, 1851, reported that they had

laid out and marked the proposed highway, and that the same, when opened, would be of public utility, &c.

At the last-named term, *David Mars* and others severally remonstrated against the opening of said highway; but these remonstrances were acted on and disposed of by the board, and the case was regularly continued from term to term until the *March* session, 1852, when *Samuel Moore*, the appellant, who was a petitioner for the road, filed his remonstrance. It was therein alleged, *inter alia*, that the contemplated road passed through his, *Moore's*, land, and, if established, would damage said land 100 dollars, and would not be of public utility, &c. Thereupon the board ordered the remonstrance to be filed, and appointed three reviewers, who, at the *June* term, 1852, made report that *Moore*, by reason of the passage of the road through his land, will sustain damage to the amount of 50 dollars, and that the highway will not be of public use, &c.

Upon the filing of this report, the petitioners for the road appeared, and moved the board to set aside the review on *Moore's* remonstrance; which motion was sustained, and the highway ordered to be opened, &c.

From this decision of the board, *Moore* appealed to the Circuit Court; and from the record before us, it appears that that Court had no other papers before it but a transcript of the record of the proceedings of the board of commissioners.

The appeal was dismissed by the Court, and we think correctly, because it had no authority to try the case without having before it the original remonstrance filed by *Moore*, and the original report of the reviewers appointed to review the road. This Court has repeatedly decided, that a Circuit Court is to try an appeal from an order of the board of county commissioners, *de novo*, as a Court of original jurisdiction, and not as a Court of Errors. 4 Blackf. 116.—5 *id.* 594.—8 *id.* 62.

There is another ground upon which the decision of the Circuit Court must be sustained. No exception was taken to the dismissal of the appeal; and we can not, therefore, regard the cause as properly before us.

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Ketcham* and *N. B. Taylor*, for the appellant.

*L. Barbour* and *A. G. Porter*, for the appellees.