Nov. Term,
1856.

ODELL
v.
JENKINS.
Tuesday,
January 27,
1857.

APPEAL from the *La Grange* Court of Common Pleas.

*J. M. Flagg,* for the appellant.

*D. C. Chipman,* for the State.

---

ODELL and Others *v.* JENKINS.

An appeal from the order of a county board vacating a road, cannot be taken by a person who was not a party to the proceeding, unless he

make himself a party by affidavit that he is interested or aggrieved by the decision.

Nov. Term, 1856.

ODELL
v.
JENKINS.

Tuesday, January 27, 1857.

APPEAL from the *Shelby* Circuit Court.

*Per Curiam.*—The proceeding was commenced before the board of commissioners in *March*, 1853, to vacate a road. *Odell* and others were the petitioners. The road law of 1849 was then in force. As there was no remonstrance, an order to vacate was granted. Laws of 1849, p. 106, ss. 36, 37, 38. *Jenkins* appealed to the Circuit Court; but he does not appear in the record as a remonstrant, nor does he file an affidavit that he is interested in or aggrieved by the decision. The fifty-seventh section authorizes an appeal by any person considering himself aggrieved by the decision of the board, within sixty days, and that the action of the appellate court shall be final; but it is silent as to the mode in which the person aggrieved shall make himself a party. *Id.* p. 108.

In the Circuit Court, *Odell* and others, appellees below, moved to dismiss the appeal because *Jenkins* had not made himself appellant by affidavit or otherwise. The Court overruled the motion, and the appellees below excepted, &c., and now appeal.

We think the Court erred in overruling the motion. The fifty-sixth section of the road law of 1849, is the same as the fifty-sixth section of the road law of 1843. R. S. 1843, p. 333. Both these sections, while respectively in force, are to be taken in connection with the thirty-seventh section of the article relating to the duties of the county board. R. S. 1843, pp. 186, 187. That section provides that if the person aggrieved by the decision, and appealing therefrom, be not a party to the matter or proceeding, the appeal shall not be allowed, unless he make himself a party by affidavit setting forth explicitly the nature of his interest in the subject-matter.

*Jenkins* not appearing to be a party to the original proceeding, and not having made himself a party, in conformity to the statute, was not entitled to prosecute an

Nov. Term, 1856.

appeal. His right to appeal should appear affirmatively from the record. *Stayton* v. *Hulings*, 7 Ind. R. 144.

The motion to dismiss the appeal for want of a proper appellant in the Circuit Court, was correctly made, and should have been sustained.

The judgment is reversed with costs, and the Circuit Court is instructed to dismiss the appeal.

*J. Harrison* and *M. M. Ray*, for the appellants.

*C. Wright* and *T. A. Hendricks*, for the appellee.

