Nov. Term,
1857.

THE LAKE
ERIE, &c.
RAILR'D CO.
v.
HEATH.

THE LAKE ERIE, WABASH AND ST. LOUIS RAILROAD
COMPANY *v.* HEATH.
THE SAME *adv.* THE SAME.

The clause of the constitution of the *United States* touching jury trials, does not operate upon the Courts of the several states.

Not every case which is not a criminal case is a civil one.

The clause of our state constitution which provides that in civil cases the right of trial by jury shall remain inviolate, embraces, it seems, such cases as were treated as civil cases in this state when the constitution was adopted.

Appeals to the Circuit Court from proceedings to assess damages to real estate taken for public works, have been uniformly tried by jury in this state, and are civil cases, within the above constitutional provision.

The right of trial by jury in such cases may be waived, as in other civil cases.

On appeal to the Circuit Court from a report of appraisers, in such proceeding, a complaint is unnecessary. The party has a right to appear in the Circuit Court and demand a jury to retry the question of damages.

The legislature may prescribe the trial by jury in cases where the constitution does not give it as a right; but they cannot withhold it in cases where it is so given.

*Friday,*
*December* 11.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—The *Lake Erie, Wabash and St. Louis Railroad Company,* having failed to agree with *Robert Heath* for the right of way for their road through his land, filed an instrument of appropriation of the same, accompanied by maps, plans, surveys, &c., in the clerk's office of *Tippecanoe* county, being the county within which the land was situated. Thereupon the judge of the *Tippecanoe* Circuit Court appointed three appraisers to assess the damages upon said appropriation, who valued them at 1,000 dollars, and so reported.

Upon the report being made to the Circuit Court, *Heath* appeared and excepted to it. He also filed a complaint against the company, asked process upon it, and that his damages might be assessed by a jury. The Court set aside the assessment of the appraisers, and ordered the damages to be assessed as asked by *Heath.* The jury found them to be 1,600 dollars. The company moved the

NOTE.—Another case between the same parties, as indicated by the title, was this day decided in accordance with this opinion.

Court to set aside the inquest; the Court overruled the motion, and rendered judgment against the company for 1,600 dollars and costs. Exceptions were duly taken at every step of the proceedings.

The only question of importance presented by the record arises upon the action of the Court in setting aside the report of damages, by the appraisers, and ordering them to be assessed by a jury.

The report was probably rightly set aside for substantial defects. 5 Ind. R. 414. In what manner should the Court have ordered a new assessment to take place?

It is contended, on the one hand, that that clause in the constitution which declares that, "in all civil cases, the right of trial by jury shall remain inviolate," forbids an assessment of damages except by jury, unless the same be waived; while on the other, it is insisted that that clause has no application to the case at bar, because it is not a civil case.

The clause in the constitution of the *United States* touching jury trials, it may be remarked, has no application here, as it operates only upon the Courts of the *United States*, and not upon those of the several states. *Barron* v. *The Mayor, &c.*, 7 Pet. 243.—8 Ind. R. on p. 552.

The above provision in our own constitution, applies in terms but to civil cases. What, then, within its meaning, is a civil case? Not every case which is not a criminal, is a civil one. "Civil case" had a definition, a meaning, at common law, when the early constitutions of this country were formed; and it has been held that the term was used in those constitutions in the common-law sense. See *Willyard* v. *Hamilton*, 7 Ohio R. part 2, 112; *Livingston* v. *The Mayor, &c.*, 8 Wend. 85; *Beekman* v. *The Saratoga, &c. Railroad Co.*, 3 Paige 45; *Gold* v. *The Vermont Central, &c. Co.*, 19 Vt. R. 478; *Wells* v. *Caldwell*, 1 A. K. Marsh. (Ky.) 441; *Harris* v. *Wood*, 6 Mon. 641; and the cases cited in *French* v. *Lighty*, at this term (1). See, also, *Armstrong* v. *Jackson*, 1 Blackf. 374.

It may be fairly argued that the term should be con-

Nov. Term,
1857.

THE LAKE
ERIE, &c.
RAILR'D CO.
v.
HEATH.

strued, in our constitution, to embrace such as were treated as civil cases in this state when the constitution was adopted; and such has been the rule acted upon in some of the states. See Sedgw. on Stat. 542. But this rule would not extend the meaning of the term so as to embrace legal proceedings in all cases except criminal. It has not been the practice in this state to try chancery causes, nor to assess damages in the laying out of highways, by jury (see *Kemp* v. *Smith*, 7 Ind. R. 471); nor to try contested elections by that tribunal. Other examples might be named. Chancery causes, it should be observed, are, in the system of practice provided for by the new constitution, expressly merged in the class of civil actions. What has been the practice in the assessment of damages to real estate taken for public works? On appeals in such cases to the Circuit Court, the trial seems uniformly to have been by jury. It was so in *Rubottom* v. *M'Clure*, 4 Blackf. 505. That was the first case, and was tried as early as 1837 or 1838. It was followed by *M'Intire* v. *The State*, 5 Blackf. 384; *The State* v. *Digby, id.* 543; *Vanblaricum* v. *The State*, 7 *id.* 209; *The State* v. *Beackmo*, 8 *id.* 246; and other cases, all of which seem to have been thus tried on appeal in the Circuit Court. See *The New Albany, &c. Co.* v. *Connelly*, 7 Ind. R. 32.

Such being the fact, it follows that this class of cases may legitimately be ranked as civil, and, hence, held to be within the constitutional provision above quoted. See Sedgw. on Stat. *supra.*

It is a provision, however, which a party may waive. Had the defendant below in this case not demanded a jury, but acquiesced in the appointment of a new set of appraisers, the case would have stood like an ordinary one where a jury is waived. But, having demanded a jury, the Court was bound to disregard the special provision, and give a jury under the general law, as was done.

The complaint filed by *Heath* was of no consequence. It was unnecessary. It was his right to appear in the Circuit Court and demand a jury to retry the question of damages.

We may observe that the legislature may prescribe the trial by jury in cases where the constitution does not give it as a right; but they cannot withhold it in cases where it is so given.

It may be observed further that this point was not raised by either party in *McMahon* v. *The Cincinnati, &c. Co.*, 5 Ind. R. 413, and, hence, was properly left unnoticed by the Court.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

STUART, J., expressed no opinion.

*S. A. Huff, Z. Baird* and *J. M. La Rue,* for the appellants.

*R. C. Gregory* and *R. Jones,* for the appellee.

(1) *Ante,* 475.