DAGGY and Another *v.* COATS and Others.

Where, in an application for a change or location of a public high-way, before the board of commissioners of the county, the final order of the board, directing the change, is defective for uncer-

tainty, such defect may be remedied by a motion for that purpose, but it is not a ground for the dismissal of such application.

On appeal to the Court of Common Pleas, in such cases, no new ground in favor of, or against, the proposed highway, can, as a matter of right, be there filed or urged; but the cause must be there tried on the papers on which it is tried in the Commissioner's Court, and no new viewers, or reviewers, can be applied for, or appointed, unless by mutual consent.

In such case, also, the necessary papers in the cause, such as the petitions, reports of viewers, or reviewers, remonstrances, etc., which must be before the Appellate Court, are operative to make a *prima facie* case for the party in whose favor they are, and it would be the province of the Court to decide upon their sufficiency; and if the objectors had appeared below, and made objections, and had reviewers appointed, who had reported, such report becoming a part of the original papers in the Appellate Court, the original notices required to be given of the application would be thereby admitted or waived.

In such case, on the trial in the Appellate Court, the petitions, remonstrances, reports, etc., which constitute the papers on which the cause must be tried, need not be given in evidence, but should be judicially noticed by the Court, and read or stated to the jury trying the cause.

APPEAL from the *Putnam* Common Pleas.

Perkins, J.— *William H. Coats,* and twenty-three others, presented a petition to the board of commissioners of *Putnam* county, for " a change of the highway in *Greencastle* township, of said county, leading from *Mount Meridian* to *Greencastle,* so that said highway shall run as follows, viz.: Beginning where the said highway crosses the line dividing sections twenty-three and twenty-six, in township, etc., on the lands of, etc., and running thence west, etc., on, etc., to, etc." Proof of notice was made.

Viewers were appointed, were qualified, discharged the duty imposed upon them, and reported that the change would be of public utility. Their report was duly filed.

Thereupon, *Addison Daggy* and *William Daggy*, persons interested, appeared and moved that the petition be dismissed, because not sufficiently certain, etc. The motion was overruled. They then filed a remonstrance. Reviewers were then appointed, who examined the route of the proposed change, etc., and reported in its favor, and that the *Daggys* would not be injured thereby, and would be entitled to no damages on account thereof. The report was received and concurred in by the board, and the change ordered to be made. The *Daggys* appealed to the Common Pleas, and there moved to dismiss the cause, on account of the uncertainty of the final order of the commissioners, in directing the change. The motion was overruled. They then called a jury to try the cause. A jury was impanneled, but no evidence was offered by either party, and the jury, under the instructions of the Court, found for the petitioners. The Court forced the *Daggys*, the appellants, to take the opening and close in the Common Pleas.

We think the petition for the highway was sufficiently certain. *Hays* v. *The State*, 8 Ind. 425. We do not think uncertainty in the order describing the change to be made, was ground for dismissal of the proceedings. A motion might have been made before the commissioners for greater certainty in the order, and, it not being done there, the defect might be remedied in the final order of the Common Pleas.

The remaining question is, On whom was the burden of proof on the trial in the Common Pleas? The statute on the subject of laying out and changing highways, is found at p. 359, 1 G. & H. ed. R. S., and provides that the county commissioners may lay out or change a highway, in the county, where notice, etc., has been given, on a petition, etc., and a report in favor of the change, if no objection is made; *Id.* pp. 362, 363; and without any consideration of the question of damages. These are not given unasked, and the

statute provides the mode in which they may be applied for, and obtained, if due; *Id.* pp. 363, 364; and, also, the mode in which the objectors may review the question of utility. *Id.* But a party interested may appeal from an order of the commissioners, to the Common Pleas. Now, let us first suppose an appeal taken from the order laying out or changing a highway, where there is no objection below, and the order of the Court is made on the report of the viewers first appointed. What may be done in the cause in the Appellate Court?

We take it, that no new ground in favor of, or against, the proposed highway, can, as matter of right, be there filed. The petition must be filed before the commissioners, and so must the report of the viewers; and, on appeal, the cause must be tried on the papers on which it is tried in the Commissioner's Court; and no new viewers or reviewers can be applied for or appointed, unless, at all events, by mutual consent. *Moore* v. *Smock*, 6 Ind. 392. *Kemp* v. *Smith*, 7 *Id.* 471. And the necessary papers of record in the cause, such as the petition, reports of viewers, remonstrances, etc., which must be before the Appellate Court, to enable it to act on the several different parts of the cause which they constitute, are operative in the Appellate Court to make a *prima facie* case, at least, for the party in whose favor they are. This is necessarily so in the reason of the thing, and is declared to be so by authority. In *Malone* v. *Hardesty*, it is held, that the petitioners must prove, on the trial on appeal, to make a *prima facie* case, just what they must prove before the commissioners. 1 Ind. 79. What must they prove before the commissioners? Not the truth of the report of the viewers; but that the notices, etc., required by statute, had been given, etc. In the Common Pleas, then, in case of a cause appealed, where there had been no objections raised below, these questions would be for trial by a jury, and the burden of proof would be on the petitioners,

while the sufficiency of the papers would be decided upon by the Court. *Peabody* v. *Sweet*, 3 Ind. 514.

But suppose, now, an appeal in a cause where the objectors had appeared below, and had objected, under sec. 23, p. 364, 1 G. & H., on the question of utility, or remonstrated under sec. 19, p. 363, on the ground of damages, or upon both grounds, and had had reviewers appointed, who had filed reports, which became, as they necessarily would, a part of the original papers to go to the Appellate Court; in such a case the notices would be admitted or waived, and proof of them would not have to be made on a trial by jury in the Common Pleas. *Milhollin* v. *Thomas*, 7 Ind. 165. The question on the sufficiency of the several papers would be for the Court, and, if sufficient, they would be *prima facie* true, that is the reports; and we think the petitions, remonstrances, and reports, which, as we have seen, would constitute the papers on which the cause would be tried, need not be given in evidence. They would be before the Court, like the pleadings in a cause, would be taken notice of by the Court, and, necessarily, read or stated to the jury, in placing the cause before them.

Applying, now, these principles to the case at bar: here was a petition, and a legally sufficient report upon it, in favor of a change in a highway. Here was a remonstrance, and a report of reviewers upon it, in favor of the change, and that it would occasion no damages. These papers made a *prima facie* case, certainly, in the Common Pleas, in favor of the change without damages, and, it seems to us, threw the burden of proof upon the appellants. See *The Lake Erie, etc., Co.* v. *Heath*, 9 Ind. 558. Taking land for a highway, it may be here observed, is taking property for public use, and the damages must be claimed in the way prescribed by statute, if it is a reasonable one. That it is has been decided. *Dronberger* v. *Reed*, 11 Ind. 420. That method is to claim them below, and have them assessed by viewers or

appraisers; and if not satisfied with that assessment, to appeal, and claim a trial by jury, if the party desires to. *The Lake Erie, etc.* v. *Heath, supra,* and cases cited.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Williamson* and *Daggy,* for the appellants.

*H. Secrest* and *H. Turman,* for the appellees.