## PURVIANCE *et al. v.* DROVER *et al.*

HIGHWAYS—PRACTICE.—In an appeal to the Circuit Court from the judgment of the Board of Commissioners, in an application for the location of a highway, all the original papers in the application before the Commissioners, should be sent to the Circuit Court, or the latter will have no authority to try the cause.

APPEAL from the *Huntington* Circuit Court.

*Per Curiam.*—*Samuel H. Purviance* and others, at the *June* term, 1859, filed their petition before the Board of Commissioners of *Huntington* county for a change in a public highway. The Board, in accordance with the prayer of the petition, appointed three viewers, who, at the *September* term, 1859, reported that they had laid out and marked such change, and that the same when opened would be of public utility, &c. At the last named term, *Henry Drover* and others, presented their remonstrance against the change, which remonstrance was ordered to be filed, and three reviewers were appointed, &c. These reviewers, at the *December* term, 1854, reported *inter alia*, that the proposed change when made, will be of public utility, &c. Thereupon the Board ordered that the change in the highway be made, and that the same be opened, &c. From this decision *Henry Drover* and others appealed to the Circuit Court, and from the record before us, it appears that that Court had no papers before it, other than a transcript of the record of the proceedings of the Board of Commissioners. The Court, upon motion, dismissed the proceedings back to the petition, and ordered that the cause be remanded back to the Board of Commissioners for further proceedings, &c.

The grounds upon which this ruling was based do not appear. It is, however quite obvious that the Circuit Court had no authority to try the case, for the reason that the original petition and remonstrance, and the original reports of

the viewers and reviewers, do not appear to have been before it. This Court has often decided that the Circuit Court is to try an appeal from an order of the Board of Commissioners, *de novo,* as a Court of original jurisdiction, and not as a Court of errors. 4 Blackf. 116; 5 *id.* 594; 8 *id.* 62; 6 Ind. 392.

The judgment is affirmed, with costs.

*L. P. Milligan,* for the appellants.