Breitweiser *et al. v.* Fuhrman *et al.*

---

No. 9998.

BREITWEISER ET AL. *v.* FUHRMAN ET AL.

HIGHWAY.—*Location of.*—*Petitioners.*—*County Commissioners.*—Where there is no question made at the time, the record of the county board as to the number and qualifications of the petitioners for a highway and the notice given, finding them sufficient, is conclusive, and can not be questioned in the subsequent proceedings.

SAME.—*Practice.*—*Appeal to Circuit Court.*—As to what questions may be litigated on appeal from an order of the county board establishing the highway, when there was no appearance to resist, *quære?*

Breitweiser *et al. v.* Fuhrman *et al.*

SAME.—*Appearance.*—In general, on appeal by one who appeared below, objections can not be made in the circuit court which were not made before the board.

SAME.—After an order establishing a highway, it is too late to make objections; the remedy then is by appeal.

SAME.—*Filing Remonstrance on Appeal.*—*Damages.*—In such case, where it is shown by affidavit on appeal that the appellants did in fact appear before the county board, and were by the misconduct of said board prevented from filing remonstrances in time, it is error in the circuit court to refuse to permit them to file remonstrances claiming damages.

From the Dubois Circuit Court.

*E. A. Ely* and *J. L. Britz*, for appellants.

*W. A. Traylor* and *W. S. Hunter*, for appellees.

BICKNELL, C. C.—This was an application for the location of a highway. The appellees were the petitioners. The county board found and entered of record that twelve freeholders of the county had signed the petition, and that six of them were residents in the immediate neighborhood of the proposed road, and that due notice of the application had been given by posting notices in three of the most public places in the immediate neighborhood of the proposed road; this was at the June term, 1881, of the commissioners' court; at that term there was no appearance against the petition, so that the action of the county board thus entered of record was conclusive. In *Little* v. *Thompson*, 24 Ind. 146, 150, this court said, in reference to these matters: "The time for this inquiry, then, precedes the appointment of viewers. It can not be made afterward, and it must be made at that time, whether any one appears to raise the objection or not. If any one should appear at the time the petition is presented, and raise the objection, we think he might do so, and produce evidence touching the question of jurisdiction, without a plea in abatement. If the objection is not made at that time, the finding and judgment of the board upon that subject, entered of record, is in such a case conclusive." This ruling was followed in *Wright* v. *Wells*, 29 Ind. 354, and has been affirmed and repeated in numerous cases. See *Green* v. *Elliott*, 86 Ind. 53, where the cases are cited.

At said June term viewers were appointed to view the pro-

posed highway, with instructions that if in their opinion the same were practicable and the road would be of public utility they should mark and lay out the same to the width of thirty feet, and report at the next meeting of the board.

The statute, 1 R. S. 1876, p. 531, section 16, requires that upon such an appointment of viewers the county auditor shall issue a precept to the viewers, and that they, after being sworn, if they shall deem the highway of public utility, shall lay out and mark the same on the best ground, not running through any person's enclosure of a year's standing without the owner's consent, unless, upon examination, a good way can not otherwise be had, provided that where the road is laid out upon the line dividing the land of two persons each shall give half the road. The statute does not require that the precept shall state anything about enclosures. The proper precept was issued in this case, and the viewers at the next term, September term, 1881, reported that they had laid out and marked the road of the width of thirty feet, fifteen feet on each side of the line described in the petition, and in their report they repeated the description given in the petition, and said, "We report said road favorable, and of great public utility." But they said nothing in their report about enclosures. As to enclosures, this court held in *Crossley* v. *O'Brien*, 24 Ind. 325, 330, that when the report is silent as to enclosures, it must be assumed that there was no such enclosure, or that the owner had given the requisite consent, and that on appeal a general verdict for the petitioners ought to be regarded as covering that question; and that the course required by the statute where enclosures interfere, is a thing not necessary to give jurisdiction, but a proceeding in the matter after jurisdiction has been obtained; and that as to proceedings in the cause after jurisdiction has been obtained, the same presumption in support of their regularity will be indulged as in ordinary cases in courts of general jurisdiction.

It appears upon the record that the viewers were " duly sworn."

At said September term there is the following entry : "Comes now Peter Breitweiser with a sworn statement to dismiss the foregoing report, which statement was overruled and dismissed by the board." It is not stated in the record when that sworn statement was presented to the county board, but it evidently was not presented until after the final action of the county board establishing the road, because the record shows that, on the 6th of September, 1881, "the board, having considered the same, accept said report, and it is by the board ordered that said highway be and the same is established; that it be opened to the width of thirty feet; and the auditor is hereby directed to certify the same to the trustees of the proper townships, and said viewers are discharged."

The record also contains a copy of said sworn statement of Peter Breitweiser, by which it appears that the same was not sworn to until September 7th, 1881, which was the day after the establishment of the road, as shown by the record. It was then too late to object. Breitweiser having been duly notified, and having failed to appear until after the final action of the county board, the dismissal of his sworn statement was apparently right.

Breitweiser's only remedy was an appeal to the circuit court. He did appeal, making an affidavit showing his interest. This was necessary, because the record showed that he did not appear before the county board until after the establishment of the road. Without such affidavit he could not appeal. *Odell* v. *Jenkins,* 8 Ind. 522. George Breitweiser also became an appellant by filing a like affidavit.

Sections 19 and 23 of the highway act of 1852 provide that, at any time before final action of the county board, any person through whose land the highway may pass may file a remonstrance claiming damages, and that any freeholder of the county may file a remonstrance against the public utility of the road, whether it passes through his land or not. It has been decided in a great many cases, collected and reviewed in *Green* v. *Elliott, supra,* that a party who has appeared

before the county board and failed there to make either of said remonstrances, can not afterwards make them on appeal in the circuit court. Such a person can object to and litigate in the circuit court only the matters objected to and litigated before the county board. The issues to be tried in the circuit court are the issues made below, not new ones, except so far as such issues are subject to proper amendments under the general rules of law (see *Hedrick* v. *Hedrick,* 55 Ind. 78; *Cummins* v. *Shields,* 34 Ind. 154), and except that where the petition is so insufficient as to form no basis for the action of the board, an objection thereto would be fatal at any stage of the proceeding. *Hays* v. *Campbell,* 17 Ind. 430; *Hughes* v. *Sellers,* 34 Ind. 337; *Shute* v. *Decker,* 51 Ind. 241; *DeLong* v. *Schimmel,* 58 Ind. 64; *McDonald* v. *Wilson,* 59 Ind. 54; *Scraper* v. *Pipes,* 59 Ind. 158; *Doctor* v. *Hartman,* 74 Ind. 221. In the present case, however, the record of the county commissioners shows an appearance before the county board after the road had been established, and that was equivalent to no appearance; and the question is made, what is the practice on an appeal in such a case?

Since the leading case of *Kemp* v. *Smith,* 7 Ind. 471, which was decided in 1856, only two highway causes have been brought to this court on appeal by parties who had not appeared below; these are *Daggy* v. *Coats,* 19 Ind. 259, and *Hays* v. *Parrish,* 52 Ind. 132. There is a third case, in which a person, who had not appeared below, was permitted to become a party in the circuit court to a remonstrance filed by the appellants before the county board. This court held that he assumed the position of the original remonstrants, and could make no objection which they were debarred from making. *Smith* v. *Alexander,* 24 Ind. 454.

In all cases, whether the appeal be taken by a party or by a person not a party, all the original papers in the application must be before the circuit court. *Purviance* v. *Drover,* 20 Ind. 238. There the court said: " It is, however, quite obvious that the circuit court had no authority to try the case, for the reason

that the original petition and remonstrance, and the original reports of the viewers and reviewers, do not appear to have been before it."

In *Moore* v. *Smock*, 6 Ind. 392, the appeal was held to have been properly dismissed by the circuit court because the original papers were not there. *Malone* v. *Hardesty*, 1 Ind. 79; *Wheatley* v. *Hanna*, 23 Ind. 518; *Beeler* v. *Hantsch*, 5 Blackf. 594. The reports of the viewers and reviewers, however, have no significance as evidence; they are not competent. *Grimwood* v. *Macke*, 79 Ind. 100; *Coyner* v. *Boyd*, 55 Ind. 166; *Freck* v. *Christian*, 55 Ind. 320.

In the case of *Hays* v. *Parrish*, *supra*, where the appellant had not appeared before the county board, and had filed no claim for damages in the circuit court, it was held that a verdict and judgment on the question of public utility only were not erroneous, but it is not expressly stated that if such a claim had been made in the circuit court it would have been considered.

In the other case, *Daggy* v. *Coats*, *supra*, where there was an appeal without any appearance before the county board, there is nothing decided as to what objections may be made in the circuit court by such appellants. The case of *Kemp* v. *Smith*, *supra*, shows that some of the proceedings before the county board are not in any case to be repeated, such as the original petition, notice, etc., and the cases of *Little* v. *Thompson*, *supra*, and *Wright* v. *Wells*, *supra*, show that the action of the county board in reference to the signatures of the petitioners and their residence and the posting of notices is, when entered of record, conclusive; therefore, these matters are not to be enquired into on the appeal, but the object of the appeal is, as stated in *Kemp* v. *Smith*, *supra*, " to give the parties the benefit of a trial of questions of fact, in a court where a jury can be called, * and the points in controversy judicially determined." But we need not determine in this case the question made as to the rights of an appellant who made

VOL. 88.—3

no appearance before the county board, because it was shown to the circuit court, as will hereafter be seen, that notwithstanding the record of the county board the appellants did appear before that tribunal in proper time.

In the circuit court the appellants Peter Breitweiser and George Breitweiser moved to dismiss the petition and proceedings because,

1st. Said petition does not state facts sufficient to constitute a basis for the order establishing said highway.

2d. Said petition does not state facts sufficient to authorize an order establishing said highway.

3d. Said petition does not set forth the beginning, course or terminus of said highway.

This motion was overruled. They also filed a motion to set aside the report of the viewers and the order establishing said highway, and all the proceedings subsequent to the petition, and that the cause be remanded to the county board, with orders to proceed anew from the filing of the petition, or else that said Peter Breitweiser and George Breitweiser be permitted to file their remonstrance against the public utility of the road and claiming damages, and be permitted to show that said road runs through their enclosures of more than two years' standing without the consent of either of them, and that a good way can otherwise be had.

This motion was supported by an affidavit, stating that the viewers made their report on the second day of the September term, 1881, of the county board, at which time said Breitweisers appeared before the board by their attorney and stated that there would be objections to said report, and that the board fixed the next day at 9 o'clock A. M., which was September 7th, 1881, for the hearing of said objections, at which time said Peter Breitweiser appeared by his attorney and filed his motion to vacate and set aside said report, and said board stated that they would give their decision at 2 o'clock P. M. of said day ; that, in consequence of such statement, no objec-

tions to said petition were then filed; that at fifteen minutes before 2 o'clock P. M. of said day said Peter Breitweiser came before the board and offered then to file the remonstrance of himself and George Breitweiser and thirty-seven others, all of them being freeholders of the county, on the ground that the road would not be of public utility; that said board then informed them that they were too late, and that the road had already been established; that said board would not permit said remonstrance to be filed; that said Peter and George fully relied upon the statement of the board that the decision of the motion to vacate the report would not be made until the hour so fixed by the board, and for that reason only delayed filing their remonstrance.

The circuit court overruled the motion to remand the proceedings to the county board, but permitted said Peter and George to file a remonstrance on the ground of public inutility, which they filed. The said Peter and George then asked leave to file in the circuit court their separate remonstrances claiming damages, which the court refused. They then asked leave to file an amended remonstrance, showing that said highway would pass through their enclosures of more than one year's standing, etc., which the court also refused. The cause was tried by a jury, who returned the following verdict: "We, the jury, find for the petitioners, and that the proposed highway is a work of public utility; that the same passes through enclosures of more than one year's standing, but that a good way can not be had around said enclosures; that the same ought to be opened, kept in repair and established as a public highway, as prayed for in the petition. We further find that more than twelve of the petitioners are resident freeholders of Dubois county, Indiana, six of whom reside in the immediate neighborhood of the proposed highway, and that notice had been given of the pendency of this petition by the petitioners, by posting up notices in three of the most public places in the neighborhood of the proposed highway at least

twenty days before the first day of the June term, 1881, of the board of commissioners of said county, and that the same passes over the lands as stated in the petition."

Upon this verdict a judgment was rendered over a motion for a new trial by the remonstrants, and they appealed. They assign errors as follows :

1. The appellees' petition does not state facts sufficient to warrant or authorize the opening, location or establishment of a public highway.

2. The court erred in overruling the appellants' motion to dismiss the petition and proceedings.

3. The court erred in overruling the appellants' motion to remand the case to the commissioners, with an order to proceed anew from the filing of the petition.

4. The court erred in refusing permission to the appellants to file an amended remonstrance, on the ground that the proposed highway would run through their enclosures of more than one year's standing without their consent.

5, 6 and 7. The court erred in refusing to permit appellants to file their separate remonstrances for damages, and in refusing to allow the jury to pass upon and assess said damages.

8. The court erred in overruling the appellants' motion for a new trial.

The objection to the petition is that the beginning of the road is not ascertained, but we think it is sufficiently certain ; it is as follows :  " Commencing in section No. 17, in township No. 1 south, of range No. 4 west, at a point in the center of the Klingels mill and Knoxville road, fifty-one rods and twenty links south, 13° west of the southwest corner of the north half of the north half of the southwest quarter of section No. 16, in said township and range, courses and distances being given by the bearings of the compass, and measurement by chain."

It is also objected to the petition that it describes the owners of a certain school-house lot as " Bainbridge School Township and Trustees of· Bainbridge School township." This was

sufficient. There is no valid objection to the petition, and the court did not err in overruling the motion to dismiss the petition, nor in overruling the motion to remand the cause to the county board to be there tried anew.

. As to the fourth error assigned, it is not alluded to by the appellants in their brief, and is therefore regarded as waived.

As to the fifth, sixth and seventh errors, which present the question of the refusal of the circuit court to permit the appellants to claim damages, these appellants were in a peculiar condition; it was shown by affidavit in the circuit court that although the record of the county board shows no appearance prior to the final order, yet these appellants did appear before the final order, and were prevented by the wrongful action of the county board from filing a remonstrance for want of public utility. The same wrongful action of the county board must be deemed to have prevented the appellants from filing before the county board remonstrances for damages.

The appellants had a right to defeat the petition if they could by a remonstrance for want of public utility, and, failing in that, they might then claim damages. *Bowers* v. *Snyder,* 66 Ind. 340. It was not necessary for them to claim damages before the determination of their other remonstrance, because, if upon their remonstrance for want of public utility, the road should fail, they would need no claim for damages. The appellants being thus wrongfully deprived of their rights, such appearance as they were permitted to make did not waive anything that took place after the appointment of the viewers. The court, therefore, erred in refusing to permit the appellants to file their remonstrances claiming damages, and for this error the judgment must be reversed.

As to the eighth error assigned, the seventh reason for a new trial is the only one discussed in the appellants' brief; the others are, therefore, regarded as waived.

The seventh reason is that the court erred in refusing to give to the jury instructions Nos. 1 and 4 asked for by the appellants. We think these instructions were correctly re-

fused. Neither of them ought to have been given as asked for; but as the case must be reversed for the errors as to damages, it is not necessary to state the instructions at length. The judgment ought to be reversed.

· PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded for a new trial.·