## Toy et al. *v.* Craig.

### [No. 19,731.    Filed May 1, 1902.]

DRAINS. —*Appeal.* —*Transcript.* —*Appeal and Error.*—*Record.*—Where the transcript of the proceedings on appeal from an order of the board of county commissioners establishing a drain contains only the proceedings of the board had after the cause was remanded from a former appeal, and does not show that any petition for drainage, or remonstrance against the same, was ever filed, or that any viewers were ever appointed or made any report, a transcript of the former appeal showing the petition, remonstrance, appointment of viewers, and their report, is improperly included in the record in an appeal to the Supreme Court from a judgment of the circuit court dismissing the last appeal, and the same cannot be considered by the Supreme Court in determining whether the court below erred in dismissing the last appeal.

From Hamilton Circuit Court; *J. F. Neal,* Judge.

From an order of the board of commissioners on petition of Robert J. Craig and others establishing a drain, Margaret M. Toy and others, remonstrants, appealed. The circuit court dismissed the appeal, and remonstrants appeal. *Affirmed.*

*J. A. Roberts, M. Vestal, I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellants.

*F. E. Gavin, T. P. Davis, J. L. Gavin* and *C. M. Gentry,* for appellee.

Toy *v.* Craig.

MONKS, J.—Appellee commenced proceedings to construct a drain, under §§5655-5688 Burns 1901, §§4285-4317 Horner 1901. Appellants, who filed remonstrances before the board, appealed on September 3, 1900, from the order establishing said work and ordering the construction of said drain, to the court below. Afterwards, on motion of appellee, said appeal was dismissed by the court below, and judgment for costs rendered against appellants. From this judgment, appellants appeal to this court, and assign for error the sustaining of appellee's motion to dismiss the appeal.

The transcript filed in this court shows that on September 17, 1900, a transcript of the proceedings before the board of commissioners, certified by the county auditor, was filed in the office of the clerk of the court below. Said auditor's transcript only exhibits the appointment of reviewers, and contains a copy of this report, a copy of the order of the board establishing the drain and ordering its construction, a copy of the final report of said reviewers, under §5670 (§4300), *supra,* and the appeal bond which was approved by the county auditor September 3, 1900.

Said auditor's transcript, filed on said appeal of September 3, 1900, from said final order of the board, does not show that any petition for drainage, or remonstrance against the same, was even filed before the board, or that any viewers were ever appointed, or made any report. It only contains the proceedings before the board from July 3, 1900, to September 3, 1900. No original papers filed before the board are copied in the transcript on this appeal, by the clerk of the court below, and his transcript does not show that such original papers were filed with said auditor's transcript on September 17, 1900, or afterwards in his office, or in the court below.

The clerk of the court below has copied into the transcript in this case a transcript of the proceedings of the board, made by the auditor on the 6th day of January, 1900,

and filed in the office of the clerk of the court below on the same day, in an appeal by appellants from an order of said board on December 1, 1899. The clerk also copied into the. transcript all the proceedings of the court below on that appeal, which show that the case was remanded to the board of commissioners on June 27, 1900, with certain directions, and that all the original papers, and a transcript of the judgment and order of the circuit court, were sent to the board of commissioners. The transcript of the auditor filed in the court below on January 6, 1900, on the appeal taken from the decision of the board December 3, 1899, shows the filing of the petition and remonstrances, the appointment·of viewers, and their report, and contains a copy of all of said original papers.

It is insisted, however, by appellee, that the transcript of the auditor on the first appeal, and the proceedings' of the court below in such appeal, although copied into the transcript, can not be considered by this court on this appeal, and that when that part of the transcript is eliminated, there is nothing to sustain the errors assigned by appellants.

It is clear that the transcript of the auditor, filed January 6, 1900, in the court below, on the first appeal, and the proceedings of the court below on that appeal, were improperly copied into the transcript in this case. There was no appeal from the final judgment of the court below on that appeal, but the proceedings and original papers and a copy of the final judgment of the court below were certified to the board of commissioners. That ended the appeal of December 3, 1899, and the same forms no part of the record on the second appeal, taken September 3, '1900. The transcript of the proceedings of the board of commissioners, filed in the court below on the appeal of September 3, 1900, as heretofore stated, contains only the proceedings of said board after the cause was remanded to that body by the court below. The transcript·of the clerk does not show that any of the original papers were filed in the court below

with the auditor's transcript on the last appeal, nor are any such papers copied into the transcript in this case. Section 5671 Burns 1901, §4301 Horner 1901, requires that a complete transcript of the proceedings before the board, and of the appeal bond, together with all the papers filed in the auditor's office pertaining to such proposed work, shall be filed in the office of the clerk of the court to which the appeal is taken.

Such cases are tried *de novo* on appeal. *Hardy* v. *McKinney,* 107 Ind. 364, 369, 370; *Sharp* v. *Malia,* 124 Ind. 407, 411. Without a transcript of all the proceedings before the board, and the original papers in said cause, the court below had no authority to try said cause. *Purviance* v. *Drover,* 20 Ind. 238, and cases cited; *Moore* v. *Smock,* 6 Ind. 392, and cases cited.

Appellant could have compelled the auditor to make out a complete transcript of the proceedings of the board of commissioners and file the same, together with the original petition, remonstrances, reports, and other original papers in the court below, on the second appeal, but, not having done so, we can not say that the court erred in dismissing the appeal.

Judgment affirmed.