## KEMP v. SMITH and Others.

In a proceeding before the board of commissioners to locate a highway, after a report that the road would be of public utility, *A.* made his claim for damages in consequence of the highway being located through his land. Assessors were thereupon appointed, who reported that *A.* would sustain no damages; and the road was ordered to be opened. *Held*, that on an appeal to the Circuit Court, viewers could not again be appointed to assess *A.'s* damages.

On an appeal to the Circuit Court from a proceeding before the board of commissioners to locate a highway, it does not seem to have been the intention that the same proceedings should be gone through with as are required before the board. Some are clearly not to be repeated, such as the original petition, notice, first view, &c. The object of the appeal is to give the parties the benefit of questions of fact in a Court where a jury can be called, where the rules of law can be applied, and the points in controversy judicially determined,—such as whether the road is of public utility, or whether the objector has sustained damages, and how much, if any.

May Term,
1856.

KEMP
v.
SMITH.

Thursday,
May 29.

APPEAL from the *Tipton* Circuit Court.

GOOKINS, J.—*Smith* and others presented their petition to the board of commissioners of *Tipton* county, for the laying out of a county road, passing through the lands of *Kemp.* Viewers were appointed, who reported in favor of the highway; whereupon *Kemp* presented the remonstrance of himself and others, alleging that the road would not be of public utility. Reviewers were appointed, pursuant to the statute, who reported that the road would be of public utility. *Kemp* then made his claim for damages, in consequence of the highway being located through his land; assessors were appointed, who reported that he would sustain no damages; and the road was ordered to be opened.

From these proceedings *Kemp* appealed to the Circuit Court, where, on his motion, viewers were again appointed to assess his damages, who assessed them at 145 dollars. The petitioners, on the coming in of this report, moved to set it aside, and to dismiss the appeal. The latter motion was overruled, but the former prevailed, the Circuit Court ordering that the report of damages in favor of *Kemp* be set aside, and that the road be established.

The setting aside of the award of damages, by the Circuit Court, is assigned for error.

Cases of this kind have been frequently before this Court, but the course of proceeding upon an appeal from the action of the commissioners, has never been marked out. We have had, at all times, it is believed, statutes authorizing appeals to the Circuit Court from decisions of the board of commissioners or other board doing county business. The various acts for opening and vacating highways have also, in express terms, provided for appeals from orders affecting them, but the directions in reference to the mode of trial in the Circuit Court, have been very indefinite and vague, or wholly omitted.

In the case of *Hedley* v. *The Board of Commissioners of Franklin County*, 4 Blackf. 116, it was decided that a cause appealed to the Circuit Court was to be tried as an original action, and not as upon error. This was a con-

test involving the right of the board to appoint a recorder.
Following this case was that of *Beeler* v. *Hantsch*, 5
Blackf. 594, which the Circuit Court seems to have tried
as a Court of errors, not having the original papers before
them, which this Court held to be erroneous; and it was
said that the cause should have been tried upon its merits,
which could not be done in the absence of the original
petition and report. To the same effect are the cases of
*Reddington* v. *Hamilton*, 8 Blackf. 62, and *Taylor* v. *Lucas*,
*id.* 289. In the latter case, the Circuit Court ordered a re-
view, appointed reviewers, and on their report established
the road; but the regularity of that proceeding was not
called in question, the decision having been made upon
other grounds. In *Peabody* v. *Sweet*, 3 Ind. R. 514, the
Circuit Court, on setting aside a report of reviewers, re-
manded the cause to the board of commissioners for
further proceedings, but the correctness of the practice
was not reviewed in this Court, for the want of a proper
bill of exceptions. We think the mode of trial, in a case
of the kind, has not been established by statute, or by
any decision of this Court, further than that it is to be
tried as an original case.

·It does not seem to have been the intention of the legis-
lature that the same proceedings should be gone through
with on the trial of an appeal, as are required before the
board of commissioners. Manifestly some of them are
not to be repeated, such as the original petition, notice,
the first view, &c. The object of the appeal is, we think,
to give the parties the benefit of a trial of questions of
fact, in a Court where a jury can be called, where the
rules of law can be applied, and the points in controversy
judicially determined; such as, whether the road is of pub-
lic utility, or whether an objector has sustained damages,
and how much, if any. We do not see that anything is
settled by one review after another, where the third or
fourth is as likely to be erroneous as the first or second.
Such a proceeding, if in any sense a trial, is not one in
that sense in which the term is generally used, in legal
language.

May Term, 1856.

From this view of the case, it follows that the appointment of reviewers by the Circuit Court, was irregular, and that their report was properly set aside.

The order of the Circuit Court establishing the road must be presumed correct, as the record does not contain the evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Garver* and *J. Lewis*, for the appellant.

*D. Moss*, for the appellees.