Sidener *v.* Essex et al.

———— ❖ ————

SIDENER *v.* ESSEX *et al.*

22 201
134 643

PRACTICE.—Where the parties to a case, by agreement on the trial, refer to the jury certain questions covering the points they desire to have settled, it will not be admissible for either party to introduce evidence upon the trial not pertinent to the issues so presented.

HIGHWAYS—MEASURE OF DAMAGES.—Where land is alleged to be injured by the location and opening of a highway through it, the measure of damages will be the difference between its market value at the time with the highway, and its market value without the highway.

HIGHWAYS—PRACTICE.—An order for the location and opening of a highway, should specify the width thereof; but where such a defect exists in an order, and does not conflict with the rights of an appellant in this Court, it will not be made the ground of a reversal, but the cause will be remanded to the lower Court for the correction of its order in that respect.

APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.—*Thomas Essex* and others, to the number of eighteen, at the *September* term, 1859, filed their petition be-

fore the Board of Commissioners of *Bartholomew* county, for the location of a public highway. The petition describes the proposed highway, names the owners of the land through which it will run, and prays the appointment of viewers, &c. The board, in accordance with the prayer, appointed three viewers, who, at the *March* term, 1860, reported that they had viewed, laid out and marked the proposed highway, and that the same, when opened, would be of public utility. At the last named term, *Joseph D. Sidener* remonstrated against the opening of the highway, alleging, in his remonstrance, that the same, if opened, will run through his land, will damage him 500 dollars, and will not be of public utility; and, therefore, he prays the appointment of reviewers. And thereupon the board appointed three reviewers, who, at the *September* term, 1860, reported that the contemplated highway, if established, will be of public utility, and that *Sidener*, by reason of its passage through his land, will sustain damage to the amount of 25 dollars. Upon the filing of this report, the board made an order, directing the proposed highway to be opened to the width of thirty feet, and be kept in repair as other highways—provided the petitioners herein shall pay *Sidener*, the remonstrant, 25 dollars, the damages assessed in his favor, &c. From this decision *Sidener* appealed.

In the Circuit Court, the cause having been referred to a jury, the parties, by agreement in writing, submitted, for the consideration of the jury, the following: "1. Would the proposed highway be of public utility? 2. If of public utility, would it be of any damage to *Sidener;* and, if so, what amount?" To these questions the jury responded, that "the proposed highway would be of public utility," and that *Sidener* would, if the road was opened, be damaged 25 dollars. The Court having refused a new trial, ordered that the sum of 25 dollars, found in favor of *Sidener* as damages, be paid out of the county treasury, and that the highway, as described

in the petition, be opened and kept in repair as a public highway, &c.

The errors assigned are in substance as follows: 1. The Court erred in its refusal of evidence offered by defendant. 2. The verdict is unsustained by the evidence. 3. The width of the road is not specified in the order of the Court.

The plaintiff, upon the trial, offered to prove that the original petition was not signed by twelve freeholders, but the Court refused the offer, and he excepted. There is nothing in this exception. As we have seen, the only questions presented by the remonstrance, and submitted to the jury, related to the utility of the road and the question of damages. It follows the proposed evidence was not pertinent to the issues, and therefore inadmissible. *Kemp* v. *Smith*, 7 Ind. 471.

The plaintiff, on his own behalf, testified that the contemplated highway would run through his farm from east to west on the line between two sections, and through a lane which is closed up at each end; that the portion of his farm on the north side of the lane was fenced off into fields running north and south; that in the north-west corner of the farm there is a spring of unfailing water for stock, and that he had his fields so arranged that he could turn his stock from any field into the lane, from whence the stock could go to the water; that on the south side of the farm there is a small branch, but it is always dry during the dry seasons of the year, and he watered his stock on that part of the farm by turning them into the lane; that there was no stock water on the farm other than the above; and that he had arranged his farm in part for a stock farm, and dealt considerably in stock. Having thus testified, the plaintiff proposed to prove the difference between the market value of the farm, if any, as a stock farm in its present condition, and what it would be with the proposed highway running through it. The Court refused the evidence, but allowed "the plaintiff to prove the

difference in the market value of the farm as it now is, and
what it would be if the highway was opened."

We perceive nothing in these rulings, of which the plain-
tiff has a right to complain.   The market value of the farm
was its real value;  and if, by reason of the location of the
highway, that value would be diminished, the amount of such
diminution is the true measure of damages.   But the final
order of the Court is plainly defective, because it fails to spe-
cify the width of the road.   Of this, however, the appellant
has no right to complain.   The defectiveness of the order, in
that respect, in no way conflicted with his rights;  nor does it
appear that such defect was pointed out to the lower Court.
In looking into the whole record we perceive no error which
authorizes a reversal.   The judgment will therefore be af-
firmed, with directions to the Circuit Court to correct its or-
der, by specifying the width of the road.

*Per Curiam.*—The judgment is affirmed accordingly, and
remanded for the correction of said order, with costs.

*Stansifer & Herod,* for the appellant.