## HAYS *v.* PARRISH ET AL.

HIGHWAY.—*Proceeding to Lay Out and Establish.*—*Parties.*—The fact that one who filed a petition before a board of county commissioners to lay out and establish a highway, in whose name, with the names of others who were petitioners, the case was carried on before said board and in the circuit court on appeal, did not sign said petition, was not a good ground for dismissing the case in the circuit court.

SAME.—In a proceeding to lay out and establish a highway, the fact that only two of the three viewers appointed by the board of commissioners took the required oath, acted and made the report, did not render the view and report insufficient.

Hays *v.* Parrish *et al.*

SAME.—*Oath Taken by Viewers.*—*Failure to Subscribe Oath.*—In such case it is not required by statute, and therefore is not necessary, that the oath taken by the viewers shall be subscribed by them.

SAME.—*Trial on Appeal.*—*Practice.*—In the circuit court, on appeal in a proceeding to lay out and establish a highway, it is not the practice to appoint viewers, but to try the cause *de novo* by the court or a jury.

SAME.—*Assessment of Damages.*—Where, in such proceeding, the person who appeals to the circuit court has not filed a claim for damages, either before the board of commissioners or in the circuit court, he is not entitled to an assessment of his damages; and where he is entitled to an assessment of damages, they are properly assessed by the court or jury trying the cause on appeal, and it is not error for the court to refuse to appoint three disinterested freeholders, on his motion, to assess his damages.

From the White Circuit Court.

*S. A. Huff* and *J. W. Nichol,* for appellant.

*Reynolds & Sellers,* for appellees.

WORDEN, J.—Parrish filed a petition, signed by forty-eight persons, before the board of commissioners of White county, asking for the laying out and establishing of a certain highway. The board appointed viewers, to view and report upon the proposed highway, and, upon the report being returned in favor of the public utility of the highway, it was ordered by the board that it be laid out and established.

Hays, the appellant herein, not having filed any remonstrance, or claimed any damages before the board, took an appeal from the order of the board to the circuit court. In the latter court, the cause was tried by a jury, resulting in a verdict in favor of the utility of the highway, and judgment accordingly. Hays appeals to this court, and has assigned the following errors:

"1. He says the circuit court erred in overruling his motion to dismiss the case for the want of a petition on which the proceedings of the board of commissioners were founded.

"2. The court erred in refusing to dismiss the case on the ground that the board of commissioners had no jurisdiction to establish a highway upon the report of viewers who had not

taken and subscribed an oath that they would faithfully and impartially discharge their duty as such viewers.

" 3. That the circuit court erred in refusing the motion of the appellant for the appointment of viewers by the court.

" 4. The court erred in refusing to appoint, on appellant's motion, three disinterested freeholders to assess the appellant's damages.

" 5. The court erred in overruling the appellant's motion to set aside the verdict and judgment rendered in the cause."

John Parrish, in whose name, with others, as petitioners, the case was carried on before the board of commissioners and in the circuit court, did not sign the petition. And it is urged under the first assignment of error, that the petition should be regarded as a nullity, and the case treated as if no petition had been filed. We are not of that opinion. The petition, as has been stated, was signed by forty-eight persons, and as the board acted upon it, appointed viewers, and ordered the highway laid out in pursuance of it, it will be presumed that there was sufficient proof before the board that enough of the signers had the necessary qualifications, although the petition was not signed by Parrish. *Little* v. *Thompson*, 24 Ind. 146–150.

It may have been irregular to carry on the case in the name of Parrish with others, as he did not sign the petition; but if so, this did not destroy the validity of the petition, or the jurisdiction of the board; nor was it any ground for dismissing the case. If Parrish was not a proper party, his name might have been struck out. This is all the question that properly arises under the first assignment of error. We proceed to the second.

The board appointed three viewers, two only of whom appear to have taken the required oath, and to have taken the view and made the report. It is claimed that the view and report of two only were insufficient; that the three should have acted, but that the report of the majority, when they all acted, might be sufficient. We do not concur in

this view. We have a statute which provides, that "words importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority." 2 G. & H. 337, sec. 1, clause second. This statute clearly gives the majority the right to act without the other viewer. *Cicero Hygiene Draining Company* v. *Craighead*, 28 Ind. 274.

The two viewers appear to have taken the oath required by statute. 1 G. & H. 363, sec. 16. But it is objected that the oath was not subscribed by them. The statute does not require the oath to be subscribed by the viewers; and where the statute does not require it, the oath need not be subscribed. *Turpin* v. *The Eagle Creek, etc., Gravel Road Co.*, 48 Ind. 45. This disposes of the second assignment of error.

With regard to the third, it may be observed that it is not the practice, on appeal to the circuit court in such cases, to appoint viewers, but to try the cause *de novo* in the latter court, by the court or a jury. *Kemp* v. *Smith*, 7 Ind. 471; *Daggy* v. *Coats*, 19 Ind. 259; *Sidener* v. *Essex*, 22 Ind. 201.

There was no error in refusing to appoint three freeholders to assess the appellant's damages, as claimed by the fourth assignment, for two reasons:

1. He had filed no claim for damages, either before the board or in the circuit court; and,

2. If he were entitled to damages, they would be properly assessed by the court or jury trying the cause on appeal.

The fifth assignment presents no question other than such as has been already considered. There is no error in the record.

The judgment below is affirmed, with costs.