## COYNER *v.* BOYD ET AL.

HIGHWAY.—*Petition for.*—*Appeal to Circuit Court.*—*Evidence.*—*Instruction to Jury.*—*Report of Viewers.*—Where, from the order of a board of commissioners locating a highway, a remonstrant has appealed to the circuit court, the cause there stands for trial, *de novo;* and neither the reports of

the viewers and reviewers appointed by such board to view the location of the proposed highway, nor a certified copy of the same, are competent evidence on such trial; and the action of such court in admitting, and in instructing a jury trying such cause to regard, them as evidence is erroneous.

SAME.—*Practice.—Trial.—View of Proposed Route by the Jury.*—During the trial of such cause in the circuit court, by a jury, the court may, where damages are claimed by the remonstrant, under the 328th section of the practice act, (2 R. S. 1876, p. 169,) allow such jury to view the route of the proposed highway.

From the Clinton Circuit Court.

*J. N. Sims*, for appellant.

*J. C. Suit*, for appellees.

WORDEN, C. J.—The appellees filed a petition before the board of commissioners of Clinton county, praying for the laying out of a new highway, and viewers were appointed to examine and report upon the same, who reported in favor of the proposed highway.

The appellant, through whose land and enclosure of more than a year's standing the proposed road ran, remonstrated on the ground of the inutility of the proposed highway; also claiming damages, in case the same should be laid out as proposed. Reviewers were appointed, who also reported in favor of the road, and assessed the appellant's damages at fifty dollars. The board ordered the highway to be laid out and established, upon the payment of the damages assessed.

Coyner appealed to the circuit court, where the cause was tried by a jury, who returned a verdict to the effect that the proposed road was of public utility, and that it would pass through an enclosure of more than a year's standing, the consent of the owner of which could not be obtained, (meaning, we may suppose, the appellant,) but that a good way could not otherwise be had, and assessing the appellant's damages at the same amount as had been assessed by the reviewers. The verdict also found that the road was of sufficient public utility to justify the payment of the damages out of the county treasury.

The appellant moved for a new trial, and filed his written causes therefor, but his motion was overruled, and judgment was rendered on the verdict.   Exception.

On the trial of the cause, the petitioners for the road gave in evidence a transcript of the record of the proceedings before the board of commissioners, including the reports of the viewers and reviewers, and the court charged, amongst other things, as follows :

" The reports of viewers and reviewers are a very high order of evidence.   The presumption is, that the board of commissioners selected the viewers because of their fitness and disinterestedness ; and it is further presumed, that these viewers and reviewers did their duty.   Yet, these presumptions may be overcome by oral testimony, and their opinions and reports may be overcome in the same way."

This charge seems to us to have been clearly wrong.

The questions in issue on the appeal were questions of fact, such as, whether the proposed road was of public utility, whether it ran through the appellant's enclosure, etc., and whether he was entitled to damages, and, if so, how much ?   *Kemp* v. *Smith,* 7 Ind. 471.

Upon these questions, the reports of the viewers and reviewers were not, in our opinion, competent evidence at all.   The reports of the viewers and reviewers were but the embodiment of the conclusions at which they had arrived.   It was the province of the jury, in trying the cause on appeal, to determine the questions involved from competent evidence laid before them, and not from the conclusions of viewers or reviewers upon the same questions.   As well might it be said that the verdict of a jury, on the trial of a cause before a justice of the peace, would be competent evidence to prove the facts of the case on the trial of the cause on appeal to the circuit court.

The charge was duly excepted to, and assigned as one of the causes for a new trial.

We may add, that, where one's land is thus proposed to be taken for a highway, for which he claims damages, we see no reason why the jury, on the trial of the cause in the circuit court, may not have a view of the premises, if the court should be of opinion that it is proper, under the provisions of section 328 of the code. 2. R. S. 1876, p. 169.

The judgment below is reversed, with costs, and the cause remanded for a new trial.