*Scraper et al. v. Pipes et al.*

---

## SCRAPER ET AL. *v.* PIPES ET AL.

PUBLIC HIGHWAY.—*Appeal from Decision of Board of Commissioners Locating Highway.—Service of Summons.—Practice.*—At the first term of the circuit court after an appeal was taken from the decision of a board of commissioners locating a highway, the appellees, on special appearance for that purpose, moved the court to dismiss the appeal, for the reason that the appeal was taken in vacation from the board, and that no summons had been issued or served upon the appellees, which motion was overruled.

*Held,* that it is true, that a summons ought to have been issued out of the court, returnable on the first day of the next term, but a failure so to do would not authorize a dismissal of the appeal.

SAME.—The record in such a case, on appeal to the Supreme Court, should show affirmatively, that the summons was not sued out, if such error is assigned; and the ground of the motion to dismiss the appeal should be shown to be true by proper affidavit.

SAME.—*Petition.—Description of Course.*—The petition to locate a highway should set forth the beginning, course and termination of the highway proposed; and a description of the course as follows: "Thence bearing southerly, to avoid Flat Creek, and keeping on the most favorable ground, running easterly and northerly, in and through the land of" A., "one hundred yards, back to" a given section line, is too indefinite. Few words are more vague than "southerly," "easterly" and "northerly."

SAME.—*Report of Majority of Viewers.*—Where three persons are appointed as viewers of a proposed highway, a report by two will be valid.

SAME.—*Appeal to Circuit Court.—Trial de novo.— Verdict of Jury.*—In highway cases, on appeal to the circuit court, there must be a trial *de novo* of the whole case; and the verdict of the jury or decision of the court should be a finding of all the facts which the board of commissioners would have been required to find, to entitle the petitioners to the highway.

From the Pike Circuit Court.

*J. E. McCullough, J. H. Miller* and *E. P. Richardson,* for appellants.

*G. G. Reily* and *E. A. Ely,* for appellees.

HOWK, J.—At the December term, 1873, of the board of commissioners of Pike county, Indiana, the appellees submitted to said board their petition in writing for the location of a certain public highway.

As the sufficiency of this petition is called in question in this court, we set out a copy of said petition, omitting the address thereof and the signatures thereto, as follows:

" The undersigned, freeholders of said county, respectfully petition for the location of a public highway in Jefferson township, of said county, upon the following route, to wit:   Commencing at a point where the section line between sections four and nine, in township No. 1 south, range seven west, crosses the Winslow and Highbanks road, in said Pike county; running thence east, on said section line between the lands of Mordecai Amos and James G. Amos, to the section line dividing sections three and ten, in said township and range, a distance of about one hundred yards; thence east, on said last mentioned section line between said sections three and ten, a distance of one mile, between the lands of John Davis and Jesse L. Thomas, Hampton Whitehead, Arthur Hutchins and Vincent Willis, and the heirs of James M. Abbott (which last mentioned land is occupied by A. J. Robling), and Vincent Willis and Michael Thomas, to the section line dividing sections two and eleven, in the aforesaid township and range; thence east a distance of one mile, through the lands of William H. Pipes and Thomas Trayler, to the section line dividing sections one and twelve, in said township and range; thence east one mile, through the lands of Margaret Scraper, and between the lands of Lucinda Scraper and Ida J. Scraper, to the section line dividing sections six and seven, in township number one south, of range number six west; thence bear-

ing southerly, to avoid Flat Creek, and keeping on the most favorable ground, running easterly and northerly, in and through the lands of Allen Arnold, one hundred yards, back to said section line; thence east, on said last mentioned line, a quarter of a mile, between the lands of Marion McCormack and Allen Arnold, to intersect a certain road leading to Otwell. And your petitioners will ever pray," etc.

The·proper proof having been made of the notice given of the presentation of said petition, etc., the board of commissioners appointed three persons named as viewers, who afterward reported to said board, at its March term, 1874, that they had viewed and marked out the proposed highway, and found it to be of public utility. The appellants then appeared and moved the board to dismiss the proceedings herein, which motion was overruled; but the board, on the further motion of the appellants, set aside the viewers' report, and then appointed other viewers. At the June term, 1874, of said board, the viewers last appointed made their report, that they had viewed and marked out the proposed highway, and found it to be of public utility, which report, on the appellants' motion, the board set aside, and then appointed three other viewers. It appears from the record, that only two of these last appointed viewers ever qualified or assumed to act as such viewers. These two viewers made their written report to said board of commissioners, at its September term, 1874, that they had viewed and marked out the proposed highway, and found it to be of public utility.

The appellants then moved the board, in writing, to reject or set aside the said report of said viewers, for the reason that only two of the last appointed viewers ever qualified or acted as such viewers, which motion was overruled by said board. The appellants then filed a remonstrance against the location of the proposed highway, upon the ground that it would be of no public utility; and thereupon the board appointed three other viewers to

view said proposed highway and ascertain whether or not it would be of public utility. These three viewers reported to said board at its December term, 1874, that they had viewed and marked out the proposed highway, and were of the opinion that it would be of public utility.

And, at its March term, 1875, the said board of commissioners finally ordered, that said highway be established and located on the proposed route, at the width of thirty feet, and be opened and kept in repair, and "that the trustee of Jefferson township be notified of the action of the board herein."

Afterward, on the 27th day of March, 1875, the appellants appealed from said decision of said board of commissioners herein to the court below, by filing their bond, with surety and penalty approved by the auditor of said county, and conditioned according to law. And, on the 8th day of April, 1875, the original papers and a certified transcript of the proceedings herein before said board of commissioners were filed in the court below.

At the May term, 1875, of the court below, the appellees entered a special appearance and moved the court to dismiss the appeal herein, which motion was overruled, and the appellees excepted.

And the appellants renewed their motion to dismiss the cause, and also their motion to reject and set aside the report made by two viewers, each of which motions was overruled in its order, and to each decision the appellants excepted.

The cause was then tried by a jury in the court below, and the following verdict was returned, to wit : " We, the jury, find that the proposed highway in question would be of public utility.

(Signed,) "D. W. GLADDISH, Foreman."

The appellants then moved the court below, in writing, for a *venire de novo*, which motion was overruled, and appellants excepted. Appellants' written motion for a new

trial was also overruled, and they excepted to this decision. And the appellants' motion in arrest of judgment having been overruled, they also excepted to this decision. And the court below then rendered judgment, that the proposed highway, as viewed and marked by the said two viewers, describing it as in their report, be established and located as a public highway, etc., and that the appellees recover of the appellants their costs expended herein.

In this court the appellants have assigned as errors the following decisions of the court below:

1. In overruling their motion to reject and set aside the report of the two viewers, made to the board of commissioners at its September term, 1874;

2. In overruling their motion to dismiss the appellees' petition and all the proceedings thereon;

3. In overruling their motion in arrest of judgment; and,

4. In overruling their motion for a *venire de novo.*

Before considering the several questions presented by these alleged errors, it is proper that we should first notice and dispose of a cross-error, assigned by the appellees on the overruling by the court below of their motion to dismiss the appeal to that court from the final decision of the board of commissioners herein. This motion was made by the appellees on their special appearance for that purpose, and the reason assigned therefor was, that the appeal was taken from the board in vacation, and that no summons had been issued for, or served upon, the appellees. It seems to us, that the reason assigned for this motion would not have authorized nor justified the dismissal of the appeal. It is true, that the appellants ought to have caused a summons to be issued out of the court below, returnable on the first day of its next term, requiring the appellees to appear and answer said appeal, but the failure of the appellants to sue out such summons would not, in our opinion, have authorized the court

below to dismiss the appeal. 1 R. S. 1876, p. 357, sec. 34. The appellants were liable under their appeal-bond, if they did not duly prosecute their appeal, for the damages, if any, occasioned thereby to the appellees; but the failure of the appellants to sue out a summons on their appeal for the first term of the court below after such appeal was taken, did not afford any sufficient reason for the dismissal of their appeal.

Besides, the record of this cause fails to show affirmatively, that the appellants did not sue out a summons, on their appeal, for the appellees, for the first term of the court below after the appeal was taken. The appellees' motion to dismiss the appeal was therefore insufficient, in this, that the reason assigned for said motion was not shown to be true by a proper affidavit.

In our opinion, the court below did not err in overruling the appellees' motion to dismiss the appeal herein.

We come now to the consideration of the alleged errors assigned by the appellants on the record of this cause. The second and third of these alleged errors present substantially the same questions, and therefore they may well be considered together; and, as these two errors alike call in question the sufficiency of the appellees' petition in this cause, they will be first considered.

In the 15th section of "An act to provide for the opening, vacating and change of highways," approved June 17th, 1852, it is provided, that the petitioners for the location of a highway shall set forth in their petition "the beginning, course and termination of the highway proposed to be located." 1 R. S. 1876, p. 531. In this case it is not objected, that the appellees' petition does not set forth with sufficient certainty the "beginning" and the "termination" of the proposed highway; but the appellants' objection is to the "course" of the proposed highway, as, thus set forth in said petition: "Thence bearing southerly, to avoid Flat Creek, and keeping on the most favorable ground, running easterly and north-

erly, in and through the lands of Allen Arnold, one hundred yards, back to said section line." It seems to us, that the appellants' objections to this description of the "course" of the proposed highway were well taken. There are very few words in our language more indefinite and uncertain in their meaning than the words "southerly," "easterly" and "northerly." The word "southerly," as applied to a "course," means nearly south, but how near, and whether east or west of south, it is impossible to tell without the use of other qualifying words. And so also, with regard to the words "easterly" and "northerly," it is impossible to determine therefrom with any certainty the "course" intended thereby.

By the use of these words in their petition, the appellees did not set forth therein the "course" of the proposed highway; and therefore, in our opinion, the appellees' petition was insufficient in law. For this reason the court below erred in overruling the appellants' motion to dismiss the appellees' petition and all the proceedings thereon, and also in overruling their motion in arrest of judgment.

The conclusion we have reached in regard to the sufficiency of the appellees' petition would render it unnecessary, perhaps, for us to consider the other alleged errors. We may say, however, in regard to the alleged erroneous decision of the court below in overruling the appellant's motion to reject and set aside the report of the two viewers to the board of commissioners, that the precise question involved was considered by this court, and decided adversely to the position of the appellants in this cause, in the case of *Hays* v. *Parrish*, 52 Ind. 132:

In the second clause of section 1 of "An act in relation to the construction of statutes, and the definition of terms," approved June 18th, 1852, it is provided as follows:

"*Second.* Words importing joint authority to three or more persons shall be construed as authority to a majority

of such persons, unless otherwise declared in the law giving such authority." 2 R. S. 1876, p. 315.

There is no such declaration in the law providing for the appointment of viewers and the opening of highways. *Cicero Hygiene Draining Co.* v. *Craighead,* 28 Ind. 274.

It seems very clear to us, that the court below erred in overruling the appellants' motion for a *venire de novo* in this case. In highway cases, on appeal to the circuit court, there must be a trial *de novo* of the whole case. *Kemp* v. *Smith*, 7 Ind. 471; *Daggy* v. *Coats*, 19 Ind. 259; *Sidener* v. *Essex*, 22 Ind. 201; and *Hays* v. *Parrish, supra.*

The verdict of the jury, on the trial of this cause, was defective in this, that it was expressly limited by its terms to a finding upon one single question of fact, and none other. On a trial *de novo* of a highway case, in the circuit court, there should be a general finding for the petitioners by the court or jury trying the cause, of all the facts which the board of commissioners would have been required to find in such a case. Otherwise "the verdict is ill," and a *venire de novo* must issue. *Housworth* v. *Bloomhuff*, 54 Ind. 487.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the appellants' motion to dismiss the appellees' petition and the proceedings thereon.