## TURLEY *v.* OLDHAM ET AL.

HIGHWAY.—*Appeal to Circuit Court vacates Order.—Report of Reviewers.—* On appeal from a board of commissioners, to the circuit court, from an order for the location of a highway, the cause stands for trial *de novo,* and the overruling of a motion to set aside the report of reviewers is a harmless ruling.

SAME.—*Clerical Error in Petition.— Waiver.—*Where a mere clerical error in the petition, in the description of a proposed highway, is supplied by the order establishing the highway, and the only matter contested by. the remonstrant is the amount of damages claimed by him, objection on account of such error is waived.

From the Lawrence Circuit Court.

*G. W. Friedley,* for appellant.

*A. C. Voris* and *M. T. Dunn,* for appellees.

HOWK, C. J.—In this case, the appellees presented their petition to the Board of Commissioners of Lawrence County praying therein for the location and establishment of a certain public highway,.in Bono township, in said county.

Viewers were appointed on this petition, who made re-

port to the board of commissioners, that they had viewed and marked out the proposed highway, as described in the petition, and that it would be of great public utility. The appellant and two other persons then filed a written remonstrance against the proposed public highway, upon the ground that they would be greatly damaged thereby. Thereupon the board appointed reviewers, to assess the damages, if any, of the remonstrants, occasioned by the proposed highway, which reviewers afterward reported, assessing the appellant's damages in the sum of fifty dollars, and finding that the highway would be of public utility. It was then adjudged and ordered by the board, that, when the petitioners or others paid the said damages, the said highway should be opened, and kept in repair, as a public highway, from which order and judgment, the appellant, William Turley, appealed to the circuit court.

The appellant moved the court to dismiss this cause, for irregularities appearing in the transcript and proceedings of the board, and in the papers on file in said cause, which motion was overruled, and to this decision he excepted. The cause was then tried by a jury, and a verdict was returned, finding for the appellant, and that, by the establishment of the highway mentioned in the petition, he would sustain damages in the sum of sixty dollars. The court rendered judgment on said petition, that, before the said highway should be opened, the said sum of sixty dollars should be paid to the appellant, as the Board of Commissioners of Lawrence County should direct.

The following alleged errors have been assigned by appellant in this case :

1. The court erred in overruling his motion to set aside the report of the reviewers;

2. In overruling his motion to dismiss this case;

3. In rendering judgment that the highway should be opened.

We will consider and decide the questions arising under these alleged errors, in the order of their assignment.

In highway cases, on an appeal from the commissioners of the county, the reports of the viewers and reviewers have no further value for any purpose. On such an appeal, such reports, by force of law, and without any motion to that effect, are vacated and set aside, whenever the cause is tried on its merits in the circuit court. It is settled by the decisions of this court, that, in highway cases, on appeal from the county board to the circuit court, there must be a trial *de novo* of the whole case. *Sidener* v. *Essex*, 22 Ind. 201; *Hays* v. *Parrish*, 52 Ind. 132; and *Scraper* v. *Pipes*, 59 Ind. 158.

Manifestly, therefore, if the court erred in overruling the appellant's motion to set aside the reviewers' report, in this case, the error was harmless, and we can not reverse a judgment for a harmless error.

2. Under the second alleged error, the appellant's counsel insists, that the appellees' petition for the proposed highway was fatally defective, in this, that it did not correctly describe, by courses and distances, the contemplated highway. Such a defect apparently exists in the petition, but it is evident, we think, that the defect has been caused by a mere clerical error, in the omission of an initial letter in the description of a certain course. Elsewhere in the record the omission is supplied, and especially in the order and judgment of the county board, establishing the proposed highway. The only controversy between the parties, as shown by the record, was in relation to the amount of the appellant's damages, resulting from the location and opening of the highway over his land. Before the county board, although the appellant objected to appellees' petition on other specified grounds, yet he made no objection thereto on account of any sup-

posed misdescription of the proposed highway. Therefore, if the alleged misdescription in fact existed in the original petition, the appellant must be deemed and held to have waived any objection thereto on that ground. The case of *Smith* v. *Alexander*, 24 Ind. 454, is in point. In that case, it appeared that the remonstrants against a proposed highway had objected, before the county board, to the proceedings, on certain grounds, but had not objected to the sufficiency of the notice, and, without objecting that the highway was of no public utility, filed their claim for damages; and it was held that they could not, on appeal, object to the notice, or raise the question that the highway was not of public utility. *Daggy* v. *Coats*, 19 Ind. 259; *Fisher* v. *Hobbs*, 42 Ind. 276.

So, in the case at bar, the record shows that the appellant moved the county board to dismiss this case, "owing to an insufficiency in the number of names of freeholders on the original petition," and pointed out, in their motion, no other objection to the petition. This may well be regarded, we think, as at least an implied waiver of all other objections, if any existed, to the sufficiency of the petition.

Besides, it seems to us, that from the other courses and distances set out in the petition, the omitted course might be readily supplied; and, in that event, the petition would be sufficient, in any view of the question.

3. The third alleged error, that the court erred in rendering judgment that the highway should be opened, is not sustained by the record; for the record fails to show that the court rendered any such judgment.

We find no error in the record, for which the judgment ought to be reversed.

The judgment is affirmed, at the appellant's costs.