### SAMUEL HOUCK ET AL. v. FREDERICK BARTHOLD.

*1.  Construction of Statute— Appeal from Order Allowing Construction of Ditch.*—
Courts are to look to the intention of the Legislature apparent from the entire
statute, and not to the particular phraseology or location of clauses.  The lan-
guage of the statute providing for the action of commissioners and viewers in case
of petition to build a ditch is broad enough to give a general right of appeal, and
it is tempered by no limitation or restriction.

*2.  Jurisdiction—Presumption.*—Jurisdiction will be presumed as to a court of
general jurisdiction, unless the record affirmatively shows the want of jurisdiction.

*3.  Parties.*—One whose lands are assessed is a party to the commissioner's
proceedings, even though not named in the petition or notices.

*4.  Initials.*—Initials may be used to designate a proper name.

*5.  Default—Setting Aside.*—In case of judgment by default the record must
affirmatively show that service has been rendered, or the default will be set aside
in a proceeding for that purpose.

*6.  Waiver—Jurisdiction.*—Appearance to move to set aside default upon the
ground of want of notice does not waive right to object to jurisdiction.

Filed April 20, 1881.

Appeal from Allen.

L. M. Ninde, for appellant.

S. F. Swayne and P. V. Hoffman, for appellee, cited *Lane et
al.* v. *Taylor et al.*, 40 Ind. 497, as to assignment of error on the
question of jurisdiction; *Scraper et al.* v. *Pipes et al.*, 59 Ind. 158;
*Coyner* v. *Boyd et al.*, 55 Ind. 166; *Hays* v. *Parish et al.*, 52 Ind.,
as to appeals in highway cases; *Lake Erie etc. R. R. Co.* v. *Heath*,
9 Ind. 558, as to right to demand a jury; *Scraper et al.* v. *Pipes et
al.*, as to presumption in regard to the filing of an affidavit; *Robin-
son* v. *Commissioners*, 37 Ind. 335, as to meaning of the phrase
"party to the proceeding"; *Shoemaker, Auditor* v. *Commissioners*,
36 Ind. 175, as to who may appeal; *Scraper et al* v. *Pipes et al.
supra*, as to presumption of service, and effect of want of service;
*Molihan* v. *State*, 30 Ind. 266, as to mode of taking appeal, and as
to the purpose of a summons; *Arbuckle et al.* v. *McCoy*, 53 Ind.
63; *Carr* v. *Eaton*, 42 Ind. 386, as to making motion for a new
trial because of a refusal to continue for service; *Jelly* v. *Goff et al.*,
56 Ind. 336, as to waiving objection to jurisdiction; Buskirk's
Prac. pp. 276, 278, and cases cited, as to sufficiency of affidavit;

*Lane* v. *Taylor*, 40 Ind. 495; *Vawter* v. *Gilliland*, 55 Ind. 275, as to objection to jurisdiction raised in the supreme court; *Little* v. *Thompson*, 24 Ind. 146; *Crossley* v. *O'Brien*, 24 Ind. 326; *Shute* v. *Decker*, 51 Ind. 241; *Vandever* v. *Garshwiller*, 63 Ind. 185, as to jurisdictional facts; *Crossly* v. *O'Brien, supra*; *Commissioners* v. *Markle*, 46 Ind. 98; *Sessions* v. *Crunkillan*, 20 Ohio St. 349; *Miller* v. *Greham*, 17 Ohio St. 1; *Ferris* v. *Bramble*, 5 Ohio St. 109; 4 N. Y. 440, as to what the record must show; *Scraper* v. *Pipes*, 59 Ind. 158, as to description of the course of a highway; *McVay* v. *Heavernal*, 30 Ind. 101; 46 Ind. 301, as to sufficiency of bond; *Combs* v. *Etter*, 49 Ind. 535; *Seits* v. *Seinel*, 62 Ind. 253, as to what must be shown concerning the qualifications of viewers; *Vawter* v. *Gilliland*, 55 Ind. 278; *Hughes* v. *Sellers*, 34 Ind. 337, as to initials and as to notice; *Hingle* v. *State*, 24 Ind. 28, as to definitions of " subject " and " matters "; *McKinney* v. *Bowman*, 58 Ind. 88; *Bates* v. *Sheets*, 64 Ind. 209, as to public utility, etc.; also *State* v. *Young*, 47 Ind. 150.

On the 21st day of June, 1876, appellants presented to the board of commissioners of Allen county a petition for the construction of a ditch. Bond was filed, notice given and viewers were appointed. On the 8th day of September, 1876, an order was made "establishing the ditch as prayed for." There was no appearance before the commissioners by the appellees, and the order was granted without opposition. The appellees filed an appeal bond on the 7th day of October, 1876, with the Auditor, and the record was certified to the circuit court. No notice of appeal, nor of the pendency of the action in the circuit court, was given the appellees. On the 29th day of the November term, appellants were called and default entered against them. Appellants moved to set aside this default before judgment was formally entered. This motion was, however, not made until April, 1877.

It is conceded by appellant's counsel that the appeal bond was filed within thirty days after the final order of the commissioners, but it is insisted that the appellee had no right of appeal at all.

Counsel argue that as there was no appearance before the commissioners and no resistance of any kind made to the petition, there is no right of appeal. It is contended that section four of the act

11

of 1875, concerning the ditching of wet lands, provides for an or-
der from which there is no appeal, and that the right of appeal
given in section ten, applies only to the cases provided for by sec-
tions nine and ten.   Section four is as follows :   " Said board of
commissioners, at the time set for the hearing of said petition, shall,
if they find the provisions of the second section of this act to have
been complied with, proceed to hear said petition, and, if they find
such proposed work to be necessary and conducive to public health,
convenience or welfare, or of public benefit or utility, they shall
establish the same as specified by the report of the viewers."   Sec-
tions nine and ten are as follows :   Section 9.   " If any application
for compensation or damages shall have been made agreeable to the
third section of this act, the board of commissioners shall order the
viewers and reviewers to determine, by actual view of the premises,
the compensation or damages sustained by, and to be paid to such
applicant, which shall be part of their said report.   After the re-
port of such viewers or reviewers shall have been made, the peti-
tioners may discontinue the said proceeding by paying all costs that
have accrued up to the time of such discontinuance, and notifying
the auditor in writing that they will not further prosecute the
same.   But no proceeding shall be discontinued unless the notice
thereof shall be signed by a majority of the petitioners for such
proposed work."   Section 10.   " Upon the filing of the report of
such reviewers, the board of commissioners shall establish such pro-
posed work as described in the report of such reviewers, and shall
award to all applicants for compensation or damages the sum re-
ported by such reviewers to be paid to them, and shall order the
same paid out of the county treasury :   Provided, Any party
aggrieved may appeal to the circuit court, as provided by law for
appeal from commissioners."

It is evident that different orders are provided for, but we do
not think that the Legislature meant to confine the right of appeal
to one class of cases or orders only.   The provision :   " Any party
may appeal to the circuit court, as provided by law, for appeal from
the commissioners," was intended to give a general, not a limited,
right of appeal.   A clause is not necessarily to be restricted to the
section in which it is found, nor to the sections with which it is im-
mediately connected.   Courts are to look to the intention of the

Legislature apparent from the entire statute, and not to the particular phraseology or location of clauses. The language of the clause quoted is broad enough to give a general right of appeal, and there is nothing in the contest requiring us to hamper it by a limitation or restriction.

The conclusion we have reached is strengthened by the language of the section which directly follows that containing the clause giving the right of appeal. In section 11 it is declared " that if no damages or compensation shall have been claimed,'or if no appeal shall have been taken from the action of the commissioners," then certain orders shall be made by the board. Two cases are here clearly provided for, one where there is a claim for damages, another where there is an appeal, thus indicating that the right of appeal is not restricted solely to cases where a claim for damages is interposed.

The provisions of the commissioner's' statute is of itself broad enough to authorize an appeal. The language of section 31 is very broad. " From all decisions of such commissioners there shall be allowed an appeal." 1 R. S. 357, § 31. The order of the board " establishing the ditch " is certainly a decision, and if a decision, the aggrieved party has a right of appeal, under the general statute. The clause quoted from section 10 of the ditching statute, by reference, embodies the provisions of section 31 of the commissioners' statute, and thus expressly applies them to all final decisions under the former act. The right of appeal from final judgments of inferior tribunals is one which ought not to be abridged by strict construction, but on the contrary should rather be extended, for the provisions of the statute conferring it are clearly remedial.

It is argued that as the appellee was not named in the petition or notice, he was not a party to the proceeding, and therefore had no right to appeal without filing an affidavit showing his interest in the matter decided. We can not say that such an affidavit was not filed. As the circuit court is one of general jurisdiction, and as it did exercise jurisdiction, we must presume that it rightfully assumed and exercised such authority. The affidavit was not necessarily a part of the record, and we can not, from the silence of the record, infer, as against the action of the trial court, that none was filed,

In *Scraper et al.* v. *Pipes et al.*, 59 Ind. 158, it was held, that where the record was silent, and it did not affirmatively appear by affidavit, that a preliminary step—there the issuing of a summons—was taken, a motion to dismiss was correctly overruled.

The motion upon which the appellants base this appeal does not attack the default or judgment upon the ground that an affidavit was not filed. The question was not presented to the lower court in any form, and it can not be presented here for the first time. The circuit court did have general jurisdiction of appeals, and of the subject matter involved in this particular controversy, and it can not, therefore, be correctly said that there was no jurisdiction of the subject matter. Of course if there was no jurisdiction of the subject matter the appellants could not have waved objection, indeed could not have conferred jurisdiction by express consent. But, as we have said, there was jurisdiction of the subject matter, and if there was any error at all it was in the method of getting the particular cause into the circuit court. Unless the record affirmatively shows that error we must, upon familiar rules, sustain the jurisdiction of the circuit court. The cases warrant us in going further, for, unless the record affirmatively shows that the irregularity complained of was brought to the attention of the court below, we can not give it any consideration at all on appeal.

We think that the appellee was a party to the proceeding, although not named in the petition. An assessment was made against his lands, and he is expressly named as one against whose lands an assessment is laid. This made him a party to the proceedings. He must be regarded as a party or the assessment must be held to be utterly void, for certainly a judgment can not be rendered by the commissioners against one who is not, actually or constructively, a party to the proceedings. Evidently the statute did not mean to restrict the application of the term parties to such persons only as were named in the petition or notices. The petitioners, by their act, brought the appellee into the proceedings and they ought not now to be allowed to assert that he was not a party, and thus cut off his right of appeal.

It is argued that, as the appellee is described as F. W. Barthold in the assessment roll, we can not presume that he is the same person who is here the appellee. There is little, if any, plausibility,

and certainly no merit, in this argument. The presumption is, and ought to be, in favor of the ruling of the court below, especially so where the appellants, although they had ample opportunity, did not deny that F. W. Barthold was the same person as Frederick W. Barthold. No attempt was made to show that the appeal was taken by one who had no right to take it, and the objection is entirely too late if it were otherwise meritorious.

It is contended that, as the appeal was taken in vacation, a summons ought to have been issued and served upon the appellants. It does not affirmatively appear by affidavit, or otherwise, that no summons was issued. *Scraper* v. *Pipes* is cited by appellee as sustaining the doctrine that, where the record is silent, the issuing and service of summons will be presumed. We are unwilling to give that case such an extended application as that claimed for it by appellee. The question in that case arose upon a motion to dismiss the appeal made by the petitioners in a highway case, and is clearly distinguishable from the present. There the party questioning the right of appeal was seeking to have the appeal dismissed because the notice required by statute had not been given. Here the party is seeking to have a default set aside in order that he may be allowed to have a hearing upon the merits. In the former case there was still a right to issue a summons and get the cause properly into the circuit court. In the present there is a final judgment which determines the whole controversy forever, unless the appellants can be relieved from the default and judgment against them. The question here involved was not presented in the case cited, and was neither discussed nor decided.

The statute giving the right of appeal provides, that when the appeal is taken in vacation the appellant shall cause a summons to be issued and served, 1 R. S. 357. The provision is explicit and allows appeals in vacation only upon condition that a writ shall be issued against, and served upon, the parties whose interests are adverse to those of the party by whom the appeal is taken. Until there has been service of such summons, there is no jurisdiction of the person of the parties adverse to the parties who prosecute the appeal from the commissioners. There can be no fair debate upon the proposition that where notice or summons is required in order to get a party into court, jurisdiction of the person can not be acquired without such notice, except upon voluntary appearance, or

by waiver. The only question admitting of doubt or debate is, what is the rule where the record is such a case is silent? We can not receive any assistance from those cases which hold that where the attack is collaterally made and the record is silent jurisdiction will be presumed, for here the attack is made in the most direct method possible.

There are, however, cases which declare a rule within which we feel bound to place this case. It was held as early as *Rany et al.* v. *Governor*, 4 Blf. 2, that where a judgment was rendered by default the record must show that summons was issued and served, and this general doctrine has been approved again and again. In *Cochnower* v. *Cochnower*, 27 Ind. 253, the question was much discussed, and it was held that although there was no attempt to set aside the default in the court below, yet if the record did not show service of process the judgment must be reserved. We are unable to perceive any difference between the present case and those cited. The statute requiring summons to be issued and served is as explicit and mandatory as in cases where an original action is commenced. The only way in which the party adverse to the one who appeals from the judgment from the commissioners can be got into court, is by summons issued and served, and until this has been done the court has not acquired jurisdiction of the person.

It is said by the appellee that the affidavit filed in support of the motion to set aside the default does not show that the appellant's cause had any merit. It was not necessary that it should. If it appeared that the court had no jurisdiction of the person, enough was shown to require the default to be set aside, for in such a case there was an entire want of authority to render any judgment at all.

Appellees urged that as appellants appeared and did not object to the jurisdiction of the court they waived all objection and we are referred to *Jelley* v. *Gaff et al.*, 56 Ind. 331. This position is not tenable, nor is that case at all in point. Appellants asked to have the default set aside upon the express ground that they had not had notice of the appeal, and they did nothing waiving any right to object to the jurisdiction of the court. Their motion was in itself such an objection.

Judgment reversed at costs of appellee, with instructions to set aside the default and judgment, and for further proceedings in accordance with this opinion.