Cox *et al. v.* Lindley *et al.*

---

No. 8401.

COX ET AL. *v.* LINDLEY ET AL.

HIGHWAY.—*Appeal.—Board of Commissioners.—Circuit Court.—Supreme Court.*
—An appeal from an order of a board of commissioners for the opening of a highway either suspends or vacates all the proceedings had before

Cox *et al.* *v.* Lindley *et al.*

the commissioners, and brings the cause before the circuit court for trial *de novo*, and a further appeal to the Supreme Court only requires of it a review of what occurred in the circuit court.

SAME.— *Dismissal of Appeal.*— *Presumption.*—In such case, the record not showing the grounds upon which the appeal was dismissed in the circuit court, all the presumptions will be indulged by the Supreme Court in favor of the decision below dismissing the appeal.

From the Orange Circuit Court.

*J. Cox,* for appellants.

NIBLACK, J.—On the 3d day of December, 1877, Samuel A. Lindley, Solomon Scott, Hawkins Kearby and something more than eighty other persons petitioned the board of commissioners of the county of Orange, for the location and establishment of a highway in that county. The petition stated that the proposed highway would pass over the lands of Solomon Scott, Samuel A. Lindley, Henry H. Kibler, Thomas Hurst, Julia A. Bombs, William A. Dill, Mary M. Dill, Joseph Cox, Nancy H. Cox and John C. Albert.

Joseph Cox appeared to the petition and moved to dismiss it for reasons presented by him to the board, but his motion was overruled, and viewers were appointed to locate and lay out such highway. Afterwards the viewers reported that they had viewed, laid out and marked the highway petitioned for, and that the same would be of public utility.

After the viewers had so reported, the said Joseph Cox and Nancy H. Cox appeared before the board of commissioners and objected to the report, but their objections were overruled, and the report was approved and confirmed by the commissioners. Other objections were thereupon interposed by the said Joseph Cox and Nancy H. Cox, and overruled, after which the commissioners ordered the proposed highway to be opened and kept in repair.

Afterwards, on the 19th day of August, 1878, a transcript of the petition above referred to and of the proceedings thereon before the board of commissioners was filed in the Orange Circuit Court, and the cause was docketed in that

court as an appeal by the said Joseph Cox and Nancy H. Cox from the proceedings upon such petition.

At the October term, 1879, the cause was called for trial, and, by agreement of the parties, was submitted to the court for trial, without a jury. After hearing statements from the attorneys on both sides, and an inspection of the papers in the cause, the circuit court, at its own suggestion, and without any motion to that effect on behalf of the petitioners, dismissed the appeal, and rendered final judgment for costs against the said Joseph Cox and Nancy H. Cox, who have still further appealed to this court and assigned error upon the decision of that court dismissing the appeal.

A bill of exceptions recites the proceedings which resulted in a dismissal of the appeal, but fails to state the grounds upon which the appeal was dismissed, or to assign any reason for dismissing it. All the presumptions must, therefore, be indulged in favor of the decision below dismissing the appeal.

We have no brief from the appellees, and hence no agreed statement of facts, either supplying or attempting to supply the omission of the bill of exceptions as to the grounds upon which the decision was based.

Section 26 of the act concerning highways, applicable to this cause, provides that any person aggrieved by any decision of any board of commissioners, may appeal therefrom to the circuit court of the proper county, upon his filing a bond with surety and penalty, to be approved by the auditor, conditioned for the due prosecution of such appeal, and for the payment of costs, if costs be adjudged against him. 1 R. S. 1876, p. 533.

The transcript of the proceedings before the commissioners, certified to the court below, did not contain or refer to any appeal bond, or embrace anything showing that an appeal had either been taken or prayed from such proceedings.

It may have been that the court below dismissed the appeal for want of an appeal bond, or the appellant may have failed to comply with some order of the court or rule of practice

which justified its action in respect to the appeal. At all events, the record does not affirmatively show that the appeal was dismissed without sufficient cause.

Much of the argument of counsel for the appellants is addressed to alleged errors in the proceedings before the commissioners. No question, however, is presented to us upon those procedings.

In a case like this, an appeal either suspends or vacates all the proceedings had before the commissioners, and brings the cause before the circuit court for trial *de novo*. A further appeal to this court, therefore, only requires a review of what occurred in the circuit court. *Jamieson* v. *The Board, etc.,* 56 Ind. 466; *Scraper* v. *Pipes,* 59 Ind. 158; *Turley* v. *Oldham,* 68 Ind. 114; *Schmied* v. *Keeney,* 72 Ind. 309.

The judgment is affirmed, with costs.