## SCHERER ET AL. v. BAILEY ET AL.

[No. 5,031. Filed November 29, 1904.]

1. HIGHWAYS.—*Petition for Change.*—*Description.*—A petition for a change in a public highway must describe the existing way sought to be changed and also the route of the proposed road, and such descriptions must be sufficiently certain to enable a surveyor to locate them, or the petition will be fatally defective. p. 174.

2. SAME.—*Notice.*—*Failure of Interested Parties to Defend.*—*Right to Appeal.*—Where parties are notified of the pendency of a petition for the change of a highway, but fail to appear before the board of commissioners, such failure does not deprive them of the right to appeal and question the sufficiency of the petition in the circuit court. p. 175.

From Ohio Circuit Court; *R. L. Davis,* Special Judge.

Edgar U. Bailey and others filed their petition for a change of a public highway before the board of commissioners. Flora Scherer and others appealed to the circuit

court.   From a judgment for petitioners, remonstrants appeal.   *Reversed.*

J. B. *Coles* and *Cynthia Coles,* for appellants.

C. B. *Matson,* for appellees.

COMSTOCK, C. J.—Appellees petitioned the board of commissioners of Ohio county to change a public highway in said county under §6742 Burns 1901, §5015 R. S. 1881. Notice, was given by posting notices as required by the statute.   Viewers were appointed, their report made, the proposed change ordered and adjudged, and the trustee of the proper township in said county directed to open and keep said highway in repair.   Three of the appellants named—Ernest, Walter and Clara Scherer—were minors. None of the appellants appeared before the commissioners, nor was any one of them defaulted.   From the judgment the appellants appealed to the circuit court.   Upon proper showing the circuit court appointed a guardian *ad litem* for the said minors, through whom they moved to dismiss the petition, upon the ground of its insufficiency to entitled the petitioners to any change of any part of the highway.   This motion was overruled, and exceptions taken.   The appellants—the minors by guardian *ad litem,* and the adults by attorney—filed remonstrances.   The remonstrances were not acted upon.

The minor appellants assign as error the action of the court in overruling their motion to dismiss the petition, and that the petition does not state facts sufficient to give the board of commissioners jurisdiction, or to form the basis of any action; that the court erred in dismissing the appeal from the board of commissioners, and rendering judgment against appellants for costs.   The adult appellants in their assignment of errors challenge the action of the court in dismissing the appeal from the board of commissioners.

The petition is in the following language:   "The under-

signed petitioners would represent to your honorable board that they are resident freeholders of said county, and that six of them reside in the immediate neighborhood of the highway herein proposed to be changed and relocated, and are interested in the change and relocation of such highway, and do hereby petition your honorable board to change and relocate said certain public highway on the following described route in said county and State, to wit:    Commencing at a point in the old road in the southwest quarter of section No. 32, town No. 4, range No. 2, W., in Ohio county, in the State of Indiana, from which a stone located at the west end of a stone-wall or fence on the land of Ethan A. Wilber, in the town of Hartford, in said county and State, bears N. $11\frac{1}{2}°$ W. 30 links distant; thence N. $80\frac{1}{4}°$ W. 4 rods, N. 64° W. 27 rods, N. 53° W. $14\frac{1}{2}$ rods, N. $46\frac{1}{2}°$ W. 10 rods, N. $23\frac{1}{2}°$ W. $8\frac{1}{2}$ rods, N. 3° E. 4 rods, N. $29\frac{1}{2}°$ E. 23 rods to the Laughery Valley Turnpike Road, near the old sawmill, witness, small peach tree bearing S. $81\frac{1}{2}°$ E. 39 links distant.   Said route passes through, over, in and upon the lands of John Scherer, Flora Scherer, Job Scherer, Ernest Scherer, deceased, Susannah Weaver and Nathan Weaver, and Jane E. Lynn and Eva F. Lynn." Signed by all of the petitioners.

The objections urged against the petition are:    (1) There is no description of any part of any highway sought to be changed and relocated; (2) the line on which it is proposed to relocate a part of the highway does not return to the original road, but stops at a turnpike; (3) the petition does not give the names of the owners or occupants of the land through which the part of the present road runs which is sought to be relocated; (4) the petition does not name or describe, even indefinitely, any highway sought to be changed.

1.    The statute in question provides for the location, vacation or change of any highway.   The word "relocation" is not found in said section.   It appears in the petition and

it is manifest that a change of route of an existing highway is sought. The petition should therefore describe by name, or in some other manner, the existing road and the route of the proposed road. "The description of the line and character of the road should, at least, be so accurate and certain as to convey reasonable information to all. parties, and such as to enable a surveyor to locate it." Elliott, Roads and Sts. (2d ed.), §337.

A description of the existing road is necessary to designate the proposed change. The petition is wholly wanting in any description of the road to be changed. It states that six of the petitioners reside in the immediate neighborhood of the highway herein proposed to be changed, and asks the board to relocate said highway in a route described. The expression "old road" occurs in the petition, but only by way of recital. The petition is the foundation of the proceeding. It must contain such facts as will enable the court to lay out the road as prayed for, and inform the parties interested of the roads and lands affected. There being no description of the old road, the description of the proposed change is without foundation. This makes the petition fatally defective. Elliott, Roads and Sts. (2d ed.), §337.

2. Appellees contend that the appellants having failed to appear before the board of county commissioners after having been duly notified, they have no standing in the circuit court. In this appellees are in error. Robinson, County and Township Officers, p. 188; *Vawter* v. *Gilliland* (1876), 55 Ind. 278; *Shute* v. *Decker* (1875), 51 Ind. 241, and cases cited; *Crossley* v. *O'Brien* (1865), 24 Ind. 325, 87 Am. Dec. 329; *Hughes* v. *Sellers* (1870), 34 Ind. 337; *Debs* v. *Dalton* (1893), 7 Ind. App. 84; *Kemp* v. *Smith* (1856), 7 Ind. 471; *Hays* v. *Parrish* (1875), 52 Ind. 132; *Scraper* v. *Pipes* (1877), 59 Ind. 158; *Hughes* v. *Beggs* (1888), 114 Ind. 427; *Bowers* v. *Snyder* (1879), 66 Ind. 340.

We deem it unnecessary to consider the other objections to the petition.

The judgment is reversed, with instruction to sustain appellants' motion to dismiss the petition.